(49 South. 222.)

No. 17,403.

GUY et al. v. McDUFFIE et al.

(April 26, 1909.)

1. APPEAL AND ERROR (§ 397*)—CITATION—NOTICE—APPEAL IN OPEN COURT.

Where an appeal is taken by motion in open court at the same term, no citation or notice of appeal is necessary, and there can be no want of proper parties to the appeal, since all parties to the suit who are not appellants are appellees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2101; Dec. Dig. § 397.*]

2. APPEAL AND ERROR (§ 434*)—FAILURE OF APPELLANT TO APPEAR.

Where the appellant makes no appearance in the Supreme Court, and makes no assignment or suggestion of error, the judgment below will be assumed to be correct.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2183; Dec. Dig. § 434.*]

3. EJECTMENT (§ 127*)—DAMAGES.

Held, on joinder of plaintiffs in the appeal, that the judgment of nonsuit on their claim for damages was correct.

[Ed. Note.—For other cases, see Ejectment, Dec. Dig. § 127.*]

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by S. A. Guy and D. C. Richardson against L. M. McDuffie and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Edgar Williamson Sutherlin, for appellants. Looney & Scheen, for appellees.

On Motion to Dismiss.

LAND, J. On November 7, 1908, judgment was read and signed in open court, recognizing the plaintiffs as owners of the fractional E. ½ of section 1, in township 20 N., of range 16 W., and entitled to the possession thereof free from the claims of the defendants, and that the notice of location filed by defendants on April 10, 1908, recorded in Conveyance Book 47, at page 587, be

123 LA.—21

canceled and erased. It was further ordered that the claim of plaintiffs for damages be dismissed as in case of nonsuit and that defendants pay all costs of suit, including $10 as fee of curator ad hoc.

On November 14, 1908, the defendants E. D. Lingold and Mrs. Minnie J. Armstrong filed in open court a motion for a devolutive appeal, and the motion was granted, and the amount of bond fixed at $100. The bond was given, and the record was seasonably filed in the clerk's office of the Supreme Court.

Plaintiffs have moved to dismiss the appeal on the ground that L. M. McDuffie, one of the defendants, has not been made a party to the appeal, either as an appellant or an appellee.

This is a mistake. L. M. McDuffie is before us as an appellee, because, in an appeal taken by motion in open court at the same term, all parties to the suit who are not appellants are appellees, and all are concluded by the judgment rendered on appeal. Conery, Jr., v. Waterworks, 42 La. Ann. 441, 7 South. 590.

Where an appeal is taken by motion at the same term, no citation of appeal or other notice to the appellee is necessary. Code Prac. arts. 573, 574. It follows that the legal effect of such a motion is equivalent to the citation of all parties not appellants. Sauer v. Union Oil Co., 43 La. Ann. 699, 9 South. 566. See, also, Vallee v. Hunsberry, 108 La. 136, 32 South. 359.

In Richardson v. Zuntz, 26 La. Ann. 313, a motion was made to dismiss the appeal on the ground that all the parties interested in the judgment had not been made parties to the appeal. The court, speaking through Ludeling, C. J., said:

"The last objection is untenable. We find in the record an order for an appeal granted on motion in open court, and the bond is executed in favor of the clerk. We think that all the parties who have not appealed are appellees."

This has become a rule of practice too well settled for dispute.

The motion to dismiss is therefore overruled.

## On the Merits.

Appellants have made no appearance in this court. Appeal is a mode of revising final judgments, and it is the duty of the appellant to point out the errors to his prejudice in the proceedings below. In the absence of assignment or suggestion of error, the appellate court is justified in presuming that the judgment appealed from is correct.

The plaintiffs have joined in the appeal, and have prayed for an amendment of the judgment in respect to damages.

The land in dispute is in the bed of Clear Lake, and within the proven oil field of Caddo parish. Plaintiffs derive their title through mesne conveyance from the state of Louisiana. Defendants filed and recorded affidavits of the location of mineral claims on the same land. Plaintiffs allege damages by reason thereof in a sum exceeding $2,000. The most that can be said, on the evidence, is that the filing of the mineral claims prevented plaintiffs from selling the land at a profit. But the same evidence shows that the land is steadily increasing in value, and it therefore cannot be said that the plaintiffs have as yet suffered any real damage.

Judgment affirmed.