(64 South. 717.)

No. 20,057.

McCARTAN v. FILKINS.

(Feb 16, 1914. Rehearing Denied March 16, 1914.)

*(Syllabus by the Court.)*

DIVORCE (§ 129*) — EVIDENCE — WEIGHT AND PROBATIVE EFFECT.

In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance. Siebert v. Klapper, 49 La. Ann. 241, 21 South. 259; Mehle v. Lapeyrollerie, 16 La. Ann. 4; 14 Cyc. 684, 698; Moller v. Moller, 115 N. Y. 466, 22 N. E. 169; Baudry-Lacantinerie, vol. 1, p. 413.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441, 454; Dec. Dig. § 129.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Robert J. McCartan against Minnie Filkins for divorce. Judgment for defendant and plaintiff appeals. Reversed.

H. W. Robinson, of New Orleans, for appellant. Paul L. Fourchy, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sued his wife, the defendant, for divorce on the ground for adultery, alleged to have been committed with a certain person named in the petition. There was judgment for defendant, and plaintiff appeals.

The only question in the case is as to the sufficiency of evidence offered in support of the adultery charged. The acts of adultery were circumstantially proved by the testimony of three detectives.

In the absence of the reasons for judgment from the record, it is presumed that the trial judge rejected the testimony because it was given by detectives employed by the plaintiff in the cause.

The testimony of a person employed by the husband or the wife to detect the other suspected of adultery is competent, and should not be rejected absolutely. Such is the rule of several of the courts of the Union. The law with reference thereto is laid down in 14 Cyc. p. 698, as follows:

"Although the testimony of a person employed to watch and detect the husband or wife suspected of adultery is competent and ought not to be absolutely rejected, it should be received with great caution, and scrupulously and minutely scrutinized, and ordinarily it should be corroborated either by the facts and circumstances in evidence, or by the direct testimony of other witnesses, or by both."

The reason for receiving the testimony of a hired employé, or detective, with great caution is obvious. A man who sets himself up as a discoverer of supposed delinquencies, whose pay depends upon the extent or success of his employment, the extent of his employment depending upon the discoveries he is able to make, becomes a most dangerous witness. The courts have therefore been slow, or rather cautious, in receiving such testimony. It requires corroboration before

it will be made the basis of a judgment of court.

The record shows that plaintiff employed a detective for the purpose of discovering acts of adultery by his wife with a certain named man, and that this detective placed the matter in the hands of two of his employés, and they are the witnesses who testified to the acts of adultery alleged in the petition.

These witnesses do not testify positively, but circumstantially. Their testimony is corroborated in almost every particular by witnesses for the defendant, except to the one fact that the door of defendant's bedroom in a hotel in the city of New Orleans was closed while she was entertaining the co-respondent in her bedroom. The detectives testified that the door of the room was closed, and that the light was extinguished or turned low while the co-respondent spent parts of two nights with the defendant. Their evidence being competent, and having been corroborated in almost all particulars, is entitled to consideration and weight in determining the case. In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance.

The testimony in the record, although circumstantial, proves the acts of adultery on defendant's part alleged in plaintiff's petition.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged and decreed that there be judgment in favor of Robert J. McCartan and against his wife, Mrs. Minnie Filkins McCartan, decreeing a divorce a vinculo matrimonii, and forever dissolving the bonds of matrimony now existing between them. Costs to be paid by defendant.

PROVOSTY, J., being absent on account of illness, took no part.