SOMMERYILLE, J.
Plaintiff sued the defendant, his wife, for a divorce on the ground of adultery, naming the corespondent in his petition and the dates upon which these several acts of adultery were alleged to have been committed. Defendant denied the allegations contained in plaintiff’s petition. There was a judgment in favor of defendant; and plaintiff has appealed.
Several witnesses testified on behalf of plaintiff that his wife was frequently seen in the company of the corespondent both during the day and at night. Four witnesses *941 testified to having seen them enter the house occupied by the defendant’s aunt at night on the several dates mentioned in plaintiff’s petition, and that defendant and corespondent remained together in said house for several hours at a time without any light appearing therein. Two of these witnesses were detectives in the employ of the plaintiff who had engaged their services for the purposes of watching and detecting defendant, who was suspected by her husband of committing adultery with the named corespondent.
The corespondent took the witness stand on behalf of defendant, and he testified that there had been no undue intimacy between him and the defendant. Other witnesses for the defendant testified to her good character, and one that the improper conduct testified to by one of the witnesses for plaintiff was indulged in by persons other than the defendant and corespondent.
In the case of McCartan v. Filkins, 134 La. 795, 64 South. 717, where a similar question was before the court for decision, a divorce was granted to the complainant on purely circumstantial evidence, testified to by hired detectives, whose testimony was corroborated in part by the witnesses for the defendant. In this case the testimony of the detectives is supported by the testimony of witnesses for plaintiff in certain respects. The testimony of the detectives will therefore be received and considered in determining the issues involved in this case.
As the reasons for judgment in the case of McCartan v. Filkins, supra, are entirely applicable to the facts of this case, they are adopted as reasons for judgment herein, and they will not be here reproduced.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered that petitioner be granted a divorce from his wife, Louise Brauch, and that he be awarded the custody of their minor child, Philip J. Mender; costs to be paid by defendant.
O’NIELL, J., dissents.