(105 So. 6) .

No. 26499.

## MAUBERRET v. MAUBERRET.

(May 25, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⬅130—Husband's reconventional demand, attacking wife's chastity, held not supported by sufficient credible testimony.

Where several of defendant's witnesses, in wife's action for separation from bed and board, admitted prejudice and ill feeling against plaintiff, some made statements unusual and incredible on their face, and others were flatly contradicted by plaintiff and her witnesses in rebuttal, defendant's reconventional demand, attacking wife's chastity, was erroneously sustained.

2. Divorce ⬅130—Clear and convincing proof of wife's unchastity required.

Clear and convincing proof will be required to sustain charge of unchastity against wife and mother, suing husband for separation from bed and board.

3. Divorce ⬅181—Appellant wife's failure to make appearance in Supreme Court or file assignment of errors or brief held no bar to review of evidence in record.

That wife, without means of retaining counsel, made no appearance in Supreme Court. and filed no assignment of errors or brief, on her appeal from judgment rejecting her demand for separation from bed and board, does not debar review of evidence in record.

Rogers, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Mark M. Boatner, Judge.

Action by Mrs. George P. Mauberret against George P. Mauberret. From a judgment rejecting plaintiff's demand and sustaining that of defendant in reconvention, plaintiff· appeals. Amended, and affirmed as amended.

George Montgomery and F. F. Teissier, both of New Orleans, for appellee.

LAND, J. This is an appeal by plaintiff from a judgment rejecting her demand for a separation from bed and board, and sustaining that of the husband, made in reconvention.

The demands of the respective parties are based upon charges of mutual excesses, cruel treatment, and outrages—the plaintiff speci-. fically averring that she had been assaulted, insulted, and abused by. the defendant on several stated occasions; and the defendant, reconvening, has covertly attacked the chastity of his wife under charges of flirtations, "joy rides," etc., but, realizing the insufficiency of such charges to establish adultery, has placed them in the broad category of "cruel treatment."

[1] We agree with the trial judge that, plaintiff's demand was properly rejected, as the evidence is not sufficient to sustain same. We have also reached the conclusion, after a review of the testimony in the case, that defendant's reconventional demand should have been likewise rejected, as several of the witnesses of defendant admitted on the stand prejudice and ill feeling against plaintiff; some made statements unusual and incredible upon their face, while others were flatly contradicted by plaintiff and her witnesses in rebuttal.

[2] The dissolution of the bonds of matrimony is no trivial matter at any time. This court will not place the stigma of unchastity upon a wife, the mother of innocent children, in any case, upon bare suspicion of guilt, but will require clear and convincing proof in all cases of this character. Some women, who are not really guilty of wrongdoing, act imprudently at times, and subject themselves unnecessarily to criticism and censure.

[3] 2. The mere fact that plaintiff and appellant has failed to make an appearance in this court, or to file an assignment of errors, or a brief, does not debar us from reviewing the evidence in the record. A wife, without the means of retaining counsel, as in the present case, is entitled at least to this act

of justice on the part of the court. We have examined the facts in other cases, where the appellant made no other appearance than by filing the transcript in the Supreme Court, in spite of the presumption of the abandonment of the appeal, and the correctness of the judgment of the lower court. Bryceland Lumber Co. v. Korlin et al., 140 Ala. 867, 74 So. 177; Guy et al. v. McDuffie et al., 123 La. 641, 49 So. 222.

The judgment appealed from is therefore amended by rejecting the reconventional demand of defendant for separation from bed and board, and, as amended, is affirmed; appellee to pay costs of both courts.

O'NIELL, C. J., absent.

ROGERS, J., dissents, being of the opinion that the judgment appealed from should be affirmed.