(128 So. 523)

**TASKER v. WHITE.**

No. 30268.

May 5, 1930.

Charles J. Mundy, of New Orleans, for appellant.

John B. Murphy, of New Orleans, for appellee.

BRUNOT, J.

This is a suit for divorce upon the ground of adultery. There was judgment for the defendant dismissing the suit, and the plaintiff appealed.

The case presents only questions of fact. We have read the testimony carefully, and find the facts to be as follows:

Plaintiff and defendant were married in 1915. The matrimonial domicile was established in the city of New Orleans, where the spouses resided in part of a house owned and occupied by the defendant's mother. They separated in 1926, and, since that time, the plaintiff and a minor daughter, the issue of the marriage, have resided with the plaintiff's mother in another part of the city. Shortly after the separation, the co-respondent rented a small room in the house of defendant's mother, adjoining the room occupied by the defendant, there being a connecting door between these rooms with a door from each of the rooms opening on a common back porch. After the co-respondent moved into the house, she and the defendant were seen by the neighbors entering and leaving the house together at all hours of the day and night. Among these neighbors the co-respondent and defendant were considered to be man and wife. The daughter of defendant testified that she frequently visited her father; that the clothing of the co-respondent was kept in the bureau drawers and other places in defendant's room; that she found the co-respondent in defendant's room many times; that on one occasion she was refused admittance to the room, but, when her father came to the door, in response to her knock, he was in his night clothes, and the co-respondent was undressed and in her father's bed. Another witness testified that she called at the defendant's room late at night, for a certain purpose, and saw the co-respondent and the defendant undressed and in bed together.

It was argued by counsel for defendant that the testimony of this witness related to a matter which occurred since the institution of this suit, but there is nothing in the record to show when it occurred, and the testimony was not objected to. There is proof of many circumstances in the record tending to corroborate the two witnesses who testify to the specific acts mentioned. The defendant and his mother attempt to destroy the effect of that testimony, the defendant by a positive denial of all of it, and his mother by testifying that she always kept the connecting door between the rooms of her son and the co-respondent locked, but on cross-examination the mother admitted that the doors of the two rooms leading onto the porch, common to those two rooms, were open, and that the parties might have had a duplicate key to the door separating their rooms. Beyond these statements the mother knew nothing of the conduct and habits of her son and the co-respondent.

We think the facts shown so conclusively sustain the allegations of the petition that the judgment appealed from should be reversed, and that there should be judgment in favor of plaintiff and against the defendant dissolving the bonds of matrimony existing between them, and awarding to plaintiff the care and custody of their minor child, Althur White. In the case of McCartan v. Filkins, 134 La. 795, 64 So. 717, this court said: "In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance."

For other cases in point see Colletti v. Tranchina, 151 La. 403, 91 So. 818; Caserta v. Caserta, 153 La. 989, 96 So. 834; Cent. Dig. Divorce, §§ 411, 441, 454; Decennial Digest (Divorce) ⬡129.

For the reasons stated, it is decreed that the judgment appealed from be and it is avoided, and that judgment is now rendered in favor of the plaintiff and against the defendant, forever dissolving the bonds of matrimony heretofore existing between them, and awarding the plaintiff the permanent custody and control of the minor Althur White.

It is further decreed that appellee pay the costs of both courts.