FOURNET, Justice.
 

 This is a suit for divorce by the wife against her husband on the ground of adultery. From the judgment of the lower court rejecting her demand, plaintiff appealed.
 

 The particular acts complained of in plaintiff’s petition are that her husband committed adultery in their home at Anchorage, Louisiana, in the Parish of West Baton Rouge (1) with one Emily Crowley or Crowdy, from about the last part of April, 1937, until the first part of August, 1937, and ■ thereafter (2) with one Ann Lamotte, who “ * * * was a frequent visitor of defendant’s home and on many occasions occupied the same room and the same bed with defendant '* *
 

 The case presents a question of fact only. The trial judge did not assign written reasons for his judgment. Counsel for appellee neither favored us with a brief nor oral argument.
 

 The undisputed facts of the case are that the plaintiff, Hester Gauthier, was .married to the defendant, Wesley Matthews,. in the Parish of St. Landry on October 5, 1922, and that they thereafter established their matrimonial domicile at Anchorage, in West Baton Rouge Parish, Louisiana, where they continued to live until their separation on February 20, 1936. No children were born of this union.
 

 The record does not show the cause for plaintiff’s departure from her home, but about a month thereafter her half sister, Hazel Murphy, came to live with defendant as his housekeeper and continued to live in the house alone with him until the latter part of the year 1936. At that time one Frank Heard and Octavia White also moved into the house. No effort was made to show an adulterous union between Octavia White and the defendant, but it is admitted that Frank Heard, from the time he moved into the house until the time of the trial of the case, occupied the front bed room with Hazel Murphy as husband and wife. Octavia White, after remaining in the house about six or seven weeks, supposedly as a companion of Hazel Murphy, left to be married. Some time thereafter a woman by the name of Emily Crowley or Crowdy, from Opelousas, Louisiana, moved into the house, remaining several weeks. During the time the Crow
 
 *329
 
 ley or Crowdy woman was a guest in the house, and for some time thereafter, plaintiff’s fourteen year old niece, Ida Lou Young, was also a guest in the house.
 

 The record shows that the house in which defendant lives contains four rooms which run consecutively from front to rear. The first two rooms are bed rooms, the third is the dining room, and the last the kitchen. The doorways between the rooms are covered only by curtains. There is a cot in the dining room.
 

 The record further shows that the defendant is employed by the Missouri Pacific Railroad as a fireman at a salary of $198 a month; and that he makes approximately three rups a week over his route and is at his home in Anchorage on an average of three nights a week.
 

 Plaintiff relies upon the testimony of Ida Lou Young, and the facts and circumstances surrounding this case, to prove her allegations. Ida Lou Young gave her testimony by deposition de bene esse before Henry Lastrapes, Clerk of Court for the Parish of St. Landry, in the presence of -counsel for plaintiff and defendant. She said she was fourteen years old and went to school only one year. Her testimony, however, was clear and concise. She testified positively that Ejnily Crowley or Crowdy occupied the same bed room with the defendant during the entire time that she (Emily Crowley or Crowdy) remained there, and that thereafter Ann Lamotte visited the house at regular intervals of two or three times a week when the defendant was in the house between runs, and that she shared the same bed room with him. Her testimony remained unchanged, despite a rigorous cross examination by counsel for the defendant.
 

 The defendant denied that he was intimate with either of these two women and sought to show that they were in his house as guests of his wife’s half sister, Hazel Murphy, and that while there they slept in a cot in the dining room, the little fourteen year oíd girl, Ida Lou Young, sleeping in the same bed with Frank Heard and Hazel Murphy. In that respect he is corroborated by Frank Heard, one of plaintiff’s witnesses. Both of these witnesses, however, contradicted each other in several respects. The defendant gave very evasive answers to the questions asked him concerning these two women. He first denied that there was anyone living in the house with him, only to admit under cross examination that these several women did live in the house. He then stated that he did not know their names, despite the fact that they all lived in this small house in the country over a period of many weeks. As a whole we do not give much credence to his or Frank Pleard’s stories.
 

 “In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance.” McCartan v. Filkins, 134 La. 795, 64 So. 717. See, also, Siebert v. Klapper, 49 La.Ann. 241, 21 So. 259; Mehle v. Lapeyrollerie, 16 La.Ann. 4; 14 Cyc. 684, 698; Moller
 
 *331
 
 v. Moller, 115 N.Y. 466, 22 N.E. 169; Baudry-Lacantinerie, vol. 1, p. 413; Tasker v. White, 170 La. 584, 128 So. 523; Colletti v. Tranchina, 151 La. 403, 91 So. 818; Caserta v. Caserta, 153 La. 989, 96 So. 834; Century Digest, Divorce, §§ 411, 441, 454; Decennial Digests, Divorce, ^ 129. We conclude that the plaintiff has established by a preponderance of the evidence her charges of adultery against her husband.
 

 Plaintiff in her suit alleges that she is entitled to permanent alimony at the rate of $75 a month. It was shown the defendant earned $198 per month and had certain expenses while away from home. We fix the alimony at $35 per month.
 

 Since this opinion was written, counsel for' appellee have filed a brief. We have read this brief carefully and find nothing raised therein that was not given due consideration, nor do we find any reason therein assigned which would cause us to alter our views as hereinabove expressed.
 

 For the reasons assigned the judgment of the lower court is annulled and it is now ordered, adjudged, and decreed that there be judgment in favor of the plaintiff,' Hester Gauthier, and against defendant, Wesley Matthews, granting a divorce a vinculo matrimonii, forever dissolving the bonds of matrimony that exist between them; and granting unto plaintiff alimony at the rate of $35 per month, payable monthly; defendant to pay all costs of court.