HAMITER, Justice.
 

 In this divorce proceeding, instituted by a wife who charged adultery on the part of her husband, the district court rendered judgment in favor of the plaintiff granting a divorce, awarding to her the care and custody of the two minor children born of the marriage, and condemning the defendant to pay alimony of $10 per week and attorney’s fees of $150. Further, .the court-ordered a dismissal of defendant’s reconventional demand, he having prayed for an absolute divorce by reason of his wife’s alleged adultery and, alternatively, for a decree of -separation from bed and board on the ground of cruel treatment.
 

 The defendant is appealing from the judgment.
 

 With reference to the charge of adultery on the part of the husband, plaintiff and three others testified substantially as follows: During the evening of February 16, 1947, with the view and purpose of obtaining evidence to prove the husband’s adulterous acts the commission of which the wife had for sometime suspected, those four witnesses seated themselves in an automobile parked in front of, and across the street from, a house in Houma occupied as a dwelling by a woman friend of the defendant. While they were so waiting, a car driven by defendant appeared and stopped. The woman friend, along with hér seven
 
 *291
 
 year old daughter, emerged therefrom, went into her home, and turned on the light in the front room. Defendant drove his car about five hundred feet, parked it, and returned to and entered the house. Shortly thereafter he removed his shoes, shirt, trousers and other items of clothing, his act of disrobing having been observed by the witnesses through silhouettes cast on the light colored shade drawn over or behind the clear glass portion of the front door. The light was then switched off, leaving the entire house in darkness. Some forty-five minutes later (during the period the house remained in darkness) the light was again turned on and the defendant proceeded to dress. After he had finished dressing, the woman friend, clad in a sleeveless nightgown, opened the front door and peered outside. The defendant then kissed her, left the house, and went to his automobile.
 

 Defendant, when testifying, admitted that he was in the home of the alleged corespondent on the night of February 16, 1947; that he kissed her when leaving; and that for several months they had attended shows and dances together frequently. He denied, however, the commission of an act of adultery on the mentioned night or at any other time. The testimony of his several supporting witnesses was to the effect that on such night they played cards with the defendant in the house in question during the entire time that he visited there.
 

 By granting a judgment to the plaintiff the trial judge necessarily resolved the obvious and hopeless conflict in the evidence in her favor. We cannot say that he manifestly erred in so doing. In justification of that resolution, the making ot which involved the credibility of witnesses, unequivocal and unimpeached testimony supported plaintiff’s position; whereas, the proof offered by defendant contained .several material discrepancies and was attended with some confusion as to the actual happenings on the particular night.
 

 The next question arising is whether, from a legal standpoint, the factual situation described by plaintiff and her witnesses discloses a commission of the act of adultery charged to defendant. On this point our settled jurisprudence is as follows :
 

 ' “ * * * In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance.” McCartan v. Filkins, 134 La. 795, 64 So. 717, and Mender v. Branch, 141 La. 940, 75 So. 1000.
 

 “Adultery may be established by indirect or circumstantial evidence, as well as by direct evidence. In the nature of things, the offense can seldom be established by direct or positive evidence, and a prima facie case may be made out by showing facts or circumstances that lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition.
 
 *293
 
 For instance, the character of the house where the parties met, the circumstances under which they met, and all the facts indicating illicit relations 'between them may be proved, and it is then for the court to determine whether those facts and circumstances have made out the case.” Coston v. Coston, 196 La. 1095, 200 So. 474, 476.
 

 Defense counsel does not deny that the act of adultery, under our jurisprudence, may be established by indirect evidence; but he insists that, because of the proved circumstances that the house in question was located in a responsible neighborhood and that the alleged corespondent entered it on the night of February 16, 1947, with her seven year old daughter, a commission of the act cannot reasonably be concluded in this case. The mentioned circumstances, it is true, seem to be inconsistent with the charge made against defendant; yet they do not outweigh or overcome the others which fairly indicate that an adulterous act was committed. These were, to repeat, defendant’s disrobing and his dressing later; the darkened house, meanwhile, for some forty-five minutes; the alleged corespondent’s subsequent appearance in bed attire at the open front door; and the affectionate farewell kiss. With the trial judged granting the divorce to plaintiff, therefore, we find no error.
 

 Appellant next complains of the judge’s refusal to permit the introduction of evidence in support of his reconventional demand for a divorce (by reason of the wife’s alleged adultery) and, alternatively, for a separation from bed and board (on the ground of cr.uel treatment). The evidence offered to show adultery by the wife was correctly excluded inasmuch as defendant’s pleading set forth no specific date respecting the charges sought to be proved. Jenkins v. Maier, 118 La. 130, 42 So. 722 and Higgins v. Dobard, 165 La. 923, 116 So. 385.
 

 Since plaintiff’s judgment of divorce is being affirmed herein, a review of the ruling excluding evidence in support of defendant’s alternative demand for a separation from bed and board becomes unnecessary. If it should be found that the judge erred in so ruling, a remand of the case to receive the evidence would serve no useful purpose and would constitute a futile procedure.
 

 The final complaint of appellant is that the allowance of $150 as attorney’s fees was excessive. It does not appear to be. well founded. By an agreement of counsel the court was authorized, if judgment w.as rendered in favor of plaintiff, to fix the attorney’s fees in an amount that it deemed proper. And the numerous issues in the litigation, together with the lengthy trial had (it consumed the better part of two days), justify the award made.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 HAWTHORNE and MOISE, JJ., not participating.