Lemle & Kelleher, Harry B. Kelleher and H. Martin Hunley, Jr., New Orleans, for Railway Exp. Agency, Inc., defendant-appellee.

PONDER, Justice.

The appeal in this case is dismissed for the reason that no appearance was made for the appellant and no briefs were filed in support of the appeal. Hayes v. Petry, 218 La. 730, 50 So.2d 821.

For the reasons assigned, the appeal is dismissed.

56 So.2d 422

### MASSA v. THOMPSON.
### No. 40230.

Jan. 14, 1952.

Carroll Montet, New Orleans, for plaintiff-appellant.

Guy J. D'Antonio, New Orleans, for defendant-appellee.

HAWTHORNE, Justice.

Plaintiff, Madeline Marie Massa, instituted this suit for an absolute divorce on the ground of adultery against her husband, Vetus Thompson, an absentee, represented by a curator ad hoc. From a judgment dismissing her suit she has appealed.

The appeal presents only a question of whether the facts established by the plaintiff in her effort to prove the act of adultery are sufficient for a judgment to be rendered for her as prayed for.

Plaintiff was informed that her husband had a telephone conversation with an unknown woman, in which the name of a hotel was mentioned. Plaintiff and one of her friends stationed themselves across the street from this particular hotel and observed plaintiff's husband, a cab driver, drive up to the hotel in a taxi with a woman who was unknown to them. Her husband, accompanied by this woman, was seen by them to enter the hotel at about 10:30 p. m. and to depart from the hotel approximately an hour and a half later. The husband got into his cab and drove away, and the woman walked down the street in the opposite direction.

Due to the secrecy attendant upon the act of adultery, it can rarely be established by direct evidence, and the firmly established jurisprudence is to the effect that, "In actions for divorce, courts must take such evidence as the nature of the case permits, circumstantial, direct, or positive, and bring to bear upon it the experiences and observations of life, and thus weighing it with prudence and care give effect to its just preponderance". Gauthier v. Matthews, 191 La. 326, 185 So. 272; Guidry v. Allemand, 216 La. 288, 43 So.2d 611, and authorities therein cited.

All that the plaintiff has established in the instant case is that she observed her husband enter a hotel in the City of New Orleans accompanied by a woman whom she did not know and approximately an hour and a half later leave the hotel with

the same woman. There is no evidence whatsoever that he registered at the hotel and occupied a room there with the woman.

█ Weighing the evidence with prudence and care, we cannot conclude under these circumstances that she has established or proven the act of adultery by a preponderance of the evidence, and the judgment dismissing her suit is correct.

Appellant contends that she made out a prima facie case by proving certain facts which led fairly and necessarily to the conclusion that the act of adultery was committed. She relies principally on the testimony of one of her witnesses, who stated that she had been told that the hotel in question had a general reputation of being a house of assignation. We have grave doubt that plaintiff has proven that the hotel bore such a reputation, but, even if she has, there is no evidence that the principal or essential business of the establishment was not that of conducting a hotel, and thus we do not think that plaintiff has established facts from which it would necessarily be inferred that any person or persons entering the place would be doing so for the purpose of having illicit relations. We conclude, therefore, that plaintiff has not made out a prima facie case of adultery and has not proven her case by a preponderance of the evidence.

For the reasons assigned, the judgment appealed from is affirmed, plaintiff-appellant to pay all costs.