HARDY, Judge.
In this action plaintiff seeks judgment of divorce and the award of custody of two minor children of the marriage. As grounds for divorce plaintiff alleged several acts of adultery on the part of defendant wife. After trial there was judgment in favor of plaintiff granting the divorce and awarding him the custody of his two minor sons who were approximately four and six years of age. From the judgment defendant has appealed.
Defendant specifies error on the part of the lower court in finding defendant guilty of adultery upon the basis of the “uncorroborated” testimony of private detectives, and in granting the custody of the minor children to the father, on the ground that such action would serve the best interests of the children, without finding the mother “morally unfit.”
This action for divorce was instituted by plaintiff husband some three months following rendition of a judgment of separation in his favor, which judgment, however, awarded custody of the minor children to the defendant wife.
The record before us contains the testimony of a private detective who was employed by plaintiff husband. This witness testified in exhaustive detail as to his observations of the conduct of defendant wife and a male companion at a drive-in theater in the City of Monroe on two specific dates in December of 1964 and January of 1965, and in each case the defendant’s companion was named and identified. We find it unnecessary to set forth any narrative of the offensive details with respect to which the witness testified in minute particulars. It suffices to say that any conclusion other than that of sexual intercourse between the parties on these occasions would be so unreasonable as to verge upon both stupidity and absurdity. In her testimony the defendant wife admitted being present at the times, in the place, with the men named, and further admitted her participation in certain amorous activities, although denying any act of sexual intercourse.
Another private investigator, employed by plaintiff husband, testified as to defendant’s dates and certain acts of lovemaking on other occasions which testimony was strongly corroborative of that given by the other witness, although lacking some of the more vividly descriptive details.
It is urged by counsel for defendant that the testimony of private detectives, *431 while admissible, must be corroborated, citing McCartan v. Filkins, 134 La. 795, 64 So. 717, and Mauberret v. Mauberret, 158 La. 899, 105 So. 6.
Conceding the correctness of this general rule, it must be pointed out that the necessary corroboration can be, and frequently is, established by the facts and circumstances and is not dependent for its validity upon the testimony of other witnesses. Our examination of the jurisprudence on this point does not disclose any case in which the testimony of private investigators has been rejected except in those cases where such testimony was lacking in actual probative value. It is pertinent to observe that acts of adultery are not customarily performed in such places and under such conditions and circumstances as would admit of eye witness evidence of the sexual act. For this reason, courts must rely upon the proof of facts and circumstances which justify a reasonable conclusion as to the performance of the reprobated act; Baasen v. Baasen (La.App. 2nd Cir., 1961), 133 So.2d 908, and authorities cited; Bosch v. Bosch (La.App. 4th Cir., 1962), 143 So.2d 284; and Antony v. Antony (La.App. 3rd Cir., 1964), 160 So.2d 765.
On the issue of custody, while it is true that in a number of cases our courts have awarded custody to a mother who has been found guilty of adultery, it does not follow that such action should be followed in every case. The governing consideration in any custody award is the welfare of the children involved. The specific provisions of R..C.C. Article 157 that children shall be placed under the care of the party who obtains the divorce is modified only in accordance with the further provision of the article that the award to the guilty spouse is made in the interest of the greater advantage of the children.
In the instant case the conduct of the wife is inexcusable. The testimony as to her numerous amorous episodes establishes the fact that she is not only guilty of the moral offense stignatized as adultery but is further subject to condemnation on the ground of offenses against the less serious, but conventionally accepted, rules of decent behavior. The facts in the instant case are somewhat analogous to those which were considered in Morris v. Morris (La.App. 1st Cir., 1963), 152 So.2d 291, in which the opinion of the court appropriately observed:
“Appellee herein was not guilty of a single indiscretion but of a calculated continued course of misconduct extending over such a period and of such open and public nature as to render her unsuitable as a custodian of her children.” (Authorities cited.)
On the other hand, the record fails to disclose any evidence of misconduct on the part of the plaintiff and amply justifies the conclusion that he is an attentive and devoted father, financially able to properly provide for his children, and deeply interested in their welfare.
Under these circumstances, we not only fail to find any abuse of discretion on the part of the trial judge in making the award of custody of the minors in favor of the plaintiff but we unreservedly endorse and approve such action.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.