FRUGÉ, Judge.
This is an appeal from a judgment awarding to Cornelius Meche the care and custody of his two children, Donald Joseph Meche and Charlotte Meche, ages ten and nine, respectively.
The record reveals that appellant, Betty Lou Bertrand Hoffpauir, and appellee, Cornelius Meche, were married and divorced. After this first divorce appellant had by a party unknown an illegitimate child. Subsequently, appellant and appellee remarried, but were again divorced in April, 1964. Ground for the second divorce was the adultery of appellant with one Angellus Tra-hon. Sometime in December, 1964 appellant went to live with her present husband without the benefit of marriage. She lived in this unmarried state for one year until she and her present husband were married in December of 1965.
The divorce decree in April, 1964, awarded custody of these two minor children to appellant, Mrs. Hoffpauir. Six months after receiving custody of the two minor children appellant voluntarily gave up custody to appellee and his wife. The two children have lived with appellee and his wife from that time until the trial in the lower court, and both express their desire to remain with their father and stepmother. Although appellant voluntarily gave up custody of these two children, she seems to have kept and cared for her illegitimate child during the same period.
This appeal originates from appellant’s suit seeking a writ of habeas corpus to retain custody of these two minor children. Appellee opposed this action and filed a motion for a change of custody in order to obtain legal custody.
 The applicable law which governs this case has been stated in Salley v. Salley, 238 La. 691, 116 So.2d 296, which cited the Kieffer v. Heriard case, 221 La. 151, 58 So.2d 836, thus:
“Under the provisions of Article 157 of the Civil Code and the jurisprudence of this court, the custody of a child whose parents have been legally divorced is left largely to the discretion of the trial judge under circumstances shown to exist when he is called upon to act. This discretion is not, however, unlimited but is subject to review and control by this court. Nevertheless, this court is reluctant to' upset a judgment of the trial court in matters involving the custody of a child and will not do so except in cases where it is shown that the judge has abused the discretion vested in him. See Black v. Black, 205 La. 861, 18 So.2d 321; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456.”
The only question presented by this appeal is whether under the facts of this case the trial court abused its discretion when it awarded custody of the two minor children to their father.
It has been the policy of this court in reviewing decisions of the lower court involving the question of custody of children to give reasonable latitude to the decision of the trial court, and its views upon the facts surrounding any given case are received and entitled to great weight.
Appellant has shown herself to be not as interested in or morally capable of caring for and taking care of these two minor children as appellee.
Therefore, from the facts and circumstances disclosed by the record in this case, we are convinced that the trial judge did not abuse the discretion vested in him when he awarded custody of the two minor children to the father, appellee.
For the reasons assigned, the judgment appealed from is affirmed, appellant to pay all costs.
Affirmed.