BOLIN, Judge.
Charles A. Robertson sued Clarice Robertson for a separation from bed and board on the ground of abandonment and for the care, custody and control of their four children whose ages range from 8 to 12 years. The wife filed a general denial and reconvened seeking a separation against her husband based on his alleged acts of cruelty and his habitual intemperance. In her reconventional demand defendant sought custody of the children together with alimony pendente lite in the sum of $400 per month for the support of the minor children. A separate trial was had on a preliminary rule, filed by the wife, relating exclusively to the custody and alimony demands. For written reasons the trial judge awarded the care and custody of the children to their father and from this judgment Clarice Robertson has appealed devolutively.
Since the case has not been tried on the merits the sole issue is whether the trial judge abused his discretion in awarding the temporary care and custody of the four minor children to their father pursuant to Louisiana Civil Code Article 146:
“If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge.”
Plaintiff and defendant were married in 1954 and for nine years preceding their separation resided in a rural area of Claiborne Parish, Louisiana. Mr. Robertson owned approximately forty acres of land and his principal livelihood was derived from operating several large chicken broiler houses. The marriage was apparently harmonious until 1963 when defendant began socially seeing a man other than her husband. However, Mr. Robertson, in an effort to hold the family together, reconciled with his wife and they continued living together in harmony until June 1964 when plaintiff again suspected his wife of having an affair with another man. On this occasion defendant agreed to psychiatric treatment in Shreveport hospital. Upon being released therefrom Mrs. Robertson returned to her husband. They were fairly compatible until Mrs. Robertson obtained employment at Louisiana Ordnance Plant near Minden. In October, 1967 defendant removed her children from school and moved to Homer, Louisiana, where she established her residence in an apartment. While she was working her children were cared for by her mother.
Upon trial of the rule defendant admitted having committed several acts of adultery. While it is true these acts of infidelity were condoned when the husband subsequently reconciled with his wife they, nevertheless, should be accorded some weight upon the issue of the fitness of the mother to be granted custody of the children.
Mrs. Robertson contends her husband drank to excess and also was guilty of acts of excessive cruelty toward her in the presence of the children so as to render him unfit to have the temporary care and custody of the children. Several witnesses testified as to the conduct of Mr. Robertson, all of whom, with the exception of defendant, testified Mr. Robertson was a very temperate man and an extremely hard worker. The allegations of cruel treatment, testified to by defendant, were uncorroborated.
The paramount consideration in determining to whom the custody of children should be granted is the welfare of the children. In making the award much discretion is left to the trial judge and, although the award is subject to review by the appellate courts, it should not be reversed unless there is evidence reflecting an abuse of this discretion. Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952).
*523 While the opinion of the district judge reflects he gave consideration to many aspects of the case which must await determination until a trial on the merits, nevertheless he did make definitive findings on the questions of the fitness and suitability of the mother to have custody of the children and what would be in their best interest.
The trial judge reviewed the testimony of witnesses relative to the character of Mrs. Robertson and stated that this evidence presented a sordid picture of infidelity and scandalous behavior. We think there is ample evidence, including the admissions of the wife as to her indiscretions, to support the conclusions of the lower court on this issue.
With regard to the living conditions which could be afforded the children in the home with their father, as compared with those presently afforded by the mother, we note the following statements from the trial judge’s written reasons for judgment:
“Both the father and the mother are healthy looking young people apparently in their mid-thirties. There are no physical defects that are apparent to the eye in either. The defendant wife now has the four children living in a rented apartment in Homer, Louisiana. She is employed at the Louisiana Ordnance Plant near Minden, Louisiana, a distance of some twenty-five miles from Homer. The evidence shows that she must arise early in the morning, get the children fed and ready for school, take them to her mother’s home and leave for her work by 7:00 a. m. The evidence shows that her mother gets the children to school and then herself goes to her position as a practical nurse at the local hospital. The evidence reveals that the grandmother is not at home when the children arrive from school in the afternoon. It appears that Mrs. Robertson arrives from her work at the Ordnance Plant sometime between 5 :00 and 6:00 p. m. in the afternoon.

“ * * * the evidence reflects the father is employed in the business of raising broilers for the commercial poultry market. That his poultry houses are situated near by his dwelling and that he is able more or less to fix his hours of work to suit himself. The evidence shows that the school bus comes by his house and his children can be carried to the Athens School system where they have always gone until their mother removed them to Homer. It appears that the father’s work will permit him to be at home when the children leave for school and when they return. In fact the evidence shows that for some months prior to the separation he did just that, inasmuch as Mrs. Robertson had to leave home around 7:00 a. m. to get to her work at the Ordnance Plant and did not get back until after the children had come home from school. During those months the husband saw them off to school and met them when they returned. The evidence shows that the parties have a new three or four bedroom air conditioned brick home with all modern conveniences which Mr. Robertson is now occupying alone.
“The more credible evidence in the record that is convincing to me is that Mr. Robertson is not addicted to alcholic drink, but rather his habits are moderate in that respect. He states that he desires the custody of his children. That his mother and sister are able and willing to assist him with the rearing of them. There is much credible evidence that preponderates to the effect that he is a fit person to have the custody of his children. Mindful, as I must be, of the basic premise of our law, “that the best interest of the child must be the sole concern of the judge in awards of custody,” to whom should I give the four innocent children?

“Based on what I have seen and heard in this case, together with my apprecia *524 tion of the law, it is my earnest belief that it is for the best interest of these children that their temporary care and custody be intrusted to their father.”
We are in full agreement with the above findings. We conclude the trial judge did not abuse the discretion vested in him by awarding the temporary care and custody of these minor children to their father pending a trial on the merits of the separation suit. As the trier of facts he had the opportunity to hear and observe the witnesses who appeared before him and particularly the demeanor of Mr. and Mrs. Robertson.
For the reasons assigned the judgment appealed from is affirmed and all costs are assessed against Charles A. Robertson, as head and master of the community of ac-quets and gains existing between plaintiff and defendant.