SAMUEL, Judge.
On May 3, 1966 Frank J. Stouder filed suit against his wife for a divorce on the grounds of adultery, or alternatively for a separation a mensa et thoro, and custody of the two minor children born of the marriage, a boy and girl respectively aged 5 and 4 years at that time. On the same day the defendant, Mrs. Rosalie Barker, wife of Frank J. Stouder, filed suit against her husband also seeking a separation a mensa *856 et thoro and custody of their two children. The two suits were consolidated for trial in the district court.
After trial judgment was rendered on June 22, 1967 granting the husband a separation a mensa et thoro and awarding him custody of the two children. Mrs. Stouder appealed therefrom. Subsequently, on May 9, 1968, she filed a petition for custody seeking to have the separation judgment amended so as to grant the custody of the children to her. After a hearing thereon there was judgment denying her prayer and ordering that the custody of the two children remain with their father. Mrs. Stouder also appealed from that judgment.
Both appeals are before us at this time. However, appellant has restricted her appeals solely to the issue of custody and that is the only question presented for our consideration. Basically she contends the trial judge erred in failing to recognize and follow the jurisprudential rule that even though a divorce or separation decree has been rendered in favor of the father, the mother’s right to the custody of their children, especially children of tender age, is paramount and will not be denied unless she is morally unfit or otherwise unsuitable.
While we agree the rule relied on by appellant is well established and correctly stated, we are also mindful of the fact that in all cases involving custody the most important consideration is the best interest and welfare of the children. Robertson v. Robertson, La.App., 215 So.2d 521; Roller v. Roller, La.App., 213 So.2d 161; Cenac v. Power, La.App., 211 So.2d 408; Dixon v. Dixon, La.App., 211 So.2d 352; Buuck v. Buuck, La.App., 207 So.2d 252; Malpica v. Puig, La.App., 166 So.2d 546. It is also our settled jurisprudence that the awarding of custody is within the sound discretion of the trial judge in accordance with the facts and circumstances existing when he is called on to act. Robertson v. Robertson, supra; Eiswirth v. Eis-wirth, La.App., 195 So.2d 307; LeBlanc v. LeBlanc, La.App., 194 So.2d 122; Hoffpauir v. Meche, 189 So.2d 281; Portman v. Portman, La.App., 181 So.2d 429.
Following trial of the divorce and separation suits the trial judge concluded the evidence had not been sufficient to prove adultery on the part of Mrs. Stouder. However, he found that her “* * * constant absences from her domicile, her persistency in searching for outside male companionship, her drinking habits and her other personal perplexities * * *” clearly entitled Mr. Stouder to the judicial separation. Although Mrs. Stouder was given liberal visitation privileges, she was denied custody of the children, and that custody was given to Mr. Stouder, because the trial judge found her drinking and personal habits were of such a nature as to render her incapable of properly caring for the children.
Following trial of Mrs. Stouder’s petition for custody, the trial judge found she had made some progress in solving her problems but that she was still under the regular care of a psychiatrist and continued to frequent barrooms and lounges, alone and with others. He concluded it was in the best interest and welfare of the children that they remain in their father’s custody.
The evidence adduced at both trials abundantly supports the findings of fact relative to custody. We agree with those findings and with the action taken chere-on. The facts resulting in Mrs. Stouder being incapable of properly caring for the children continue to exist and the children are being given excellent care by Mr. Stouder with the assistance of his mother. Quite clearly, it is to the best interest and welfare of the children that their custody be not changed.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.