AYRES, Judge.
As originally instituted, the wife, by this action, sought a judgment of separation a mensa et thoro, custody of the three minor children, issue of their marriage, and alimony for herself and support for the minors, as well as an injunction prohibiting the defendant from alienating or encumbering the community estate and prohibiting him from molesting or harming her.
On trial of a rule nisi plaintiff was granted the provisional care of the minors, awarded alimony for herself in the sum of $28.80 per week, and also support for the minors at the rate of $62.30 per week. The injunction was granted as prayed for.
Thereafter, plaintiff amended her petition and sought a divorce based upon a series of acts of adultery with a certain named woman at her residence in the City of Shreveport between August 30 and November 7, 1971; and, in the alternative, sought a separation on the grounds of ill treatment and alimony for herself and support of the children in the sum of $600.00 per month.
From a judgment rejecting plaintiff’s demands, she perfected this appeal.
For answer to plaintiff’s demands defendant denied each and every allegation of plaintiff’s petition as to his misconduct, and specially pleaded reconciliation and condonation as extinguishing plaintiff’s cause of action for a divorce.
The evidence adduced to establish adultery on the part of the defendant was given by a private investigator who stated that he had the defendant under surveillance from August 30, 1971, to November 2, 1971. He testified with reference to the occasions set forth in plaintiff’s petition that he observed defendant at the home of the named female at her residence where defendant stayed a great portion of the nights with the lights out. Defendant admitted he visited this woman at that address on many occasions, first to repair her television and thereafter to view the same with her; he admitted, however, to amorous relations. An exhibit was introduced in evidence showing a photograph of his automobile at the residence.
It appears that the rule set forth in Portman v. Portman, 181 So.2d 429 (La. App., 2d Cir. 1965), is appropriate to the situation presented here. There it was stated:
“It is urged by counsel for defendant that the testimony of private detectives, while admissible, must be corroborated, citing McCartan v. Filkins, 134 La. 795, 64 So. 717, and Mauberret v. Mauberret, 158 La. 899, 105 So. 6.
“Conceding the correctness of this general rule, it must be pointed out that the necessary corroboration can be, and *595 frequently is, established by the facts and circumstances and is not dependent for its validity upon the testimony of other witnesses. Our examination of the jurisprudence on this point does not disclose any case in which the testimony of private investigators has been rejected except in those cases where such testimony was lacking in actual probative value. It is pertinent to observe that acts of adultery are not customarily performed in such places and under such conditions and circumstances as would admit of eye witness evidence of the sexual act. For this reason, courts must rely upon the proof of facts and circumstances which justify a reasonable conclusion as to the performance of the re-probated act; Baasen v. Baasen (La. App. 2d Cir., 1961), 133 So.2d 908, and authorities cited; Bosch v. Bosch (La. App. 4th Cir., 1962), 143 So.2d 284; and Antony v. Antony (La.App. 3rd Cir., 1964), 160 So.2d 765.”
Plaintiff’s demands for a divorce have been sufficiently established, in our opinion, to warrant such a decree.
With respect to the custody of the children, the conduct of the husband is inexcusable. No such conduct is alleged or established with reference to plaintiff. She should therefore have custody of the children.
Alimony was granted pendente lite to plaintiff as hereinabove set forth. No proof of the inadequacy of this award is contained in the record. The record establishes that defendant’s annual income was $10,465.18, or approximately $872.00 a month. The itemized monthly expenses of the mother and children aggregated the sum of $431.50; nevertheless, we find no manifest error in the award as made by the trial court, and none is pointed out to us.
From the decision reached by us with respect to the divorce, consideration of the acts of cruelty with regard to a judgment of separation is unnecessary.
For the reasons assigned, the judgment appealed is annulled, voided, reversed, and set aside; and it is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, Beverly Ann Sherman Cournoyer Odom, granting her an absolute divorce from the defendant, Ervin Kenneth Odom, Jr., and awarding her the permanent care and custody of the three minor children, Kenneth Allen Odom, Michael Levere Odom, Darlene Marie Odom, and condemning the defendant to pay plaintiff alimony for herself at the rate of $28.80 per week and support for the minor children at the rate of $62.30 per week, beginning on Friday, October 29, 1971, subject to credit for payments as may have been made in accordance with the trial court’s judgment dated November 10, 1971.
It is further ordered that the injunctions issued pursuant to the aforesaid judgment be, and the same are hereby, perpetuated and made final.
The defendant is assessed with the costs of court, including the cost of this appeal.
Reversed and rendered.