AYRES, Judge.
By this action, plaintiff, Arthur Edward Nickens, sought to recover from his wife, Deborah Jean Dodson Nickens, defendant, a judgment of divorce on the grounds of adultery. In her answer, the defendant reconvened for a divorce predicated upon the same statutory grounds. After trial there was judgment in plaintiff’s favor against the defendant from which she appealed.
*266 Two acts of adultery alleged to have been committed by the defendant with Jack Brown at his apartment on August 31 and September 1, 1973, form the basis of plaintiff’s charges. The sole issue presented on this appeal is whether the evidence was sufficient to support the aforesaid charges.
Only four witnesses testified during the trial of this cause. One of the witnesses, James Gary Davis, testified only to the fact that there had been no reconciliation between plaintiff and defendant since their separation. Two other witnesses, private detectives employed by plaintiff, testified as to circumstances occurring at the apartment of Jack Brown which to them indicated that Brown committed adultery with some woman whom they did not personally know. Plaintiff had no personal knowledge that his wife was guilty of adultery with anyone. He testified that his wife had admitted being in the alleged correspondent’s apartment but that she had denied any wrongdoing. In the conversation, according to plaintiff’s testimony, the wife expressed a desire to not fight the case. In effect, she expressed a desire not to become involved in the trial.
The detectives, Robert J. Hall and James Otis Howard, testified as to their surveillance of the apartment of the alleged corespondent beginning about 2:30 p. m. on August 31, 1973. They testified that during the course of this surveillance they saw a man and a woman arrive, go into, and subsequently depart from the apartment on two or three occasions. Upon arrival, the parties were said to have turned on the lights, which remained on for some appreciable time and then were dimmed or switched off. Circumstances were testified to be such as would indicate the parties, whoever they were, were clearly guilty of wrongdoing of the character of which plaintiff complained.
As heretofore noted, however, these professional witnesses did not personally know Mrs. Nickens, the defendant. Her identification was based upon a small photograph provided them by plaintiff and from the car which she was driving, a description of which had been likewise furnished them by plaintiff.
The detectives’ testimony as to facts from which it could only be concluded that defendant was guilty of the charges of adultery charged to her is thus corroborated by independent facts and circumstances. Her identification as the female involved was shown by her photograph. She was driving an automobile described to the witnesses by her husband which bore the license number provided by him.
As pointed out in McCartan v. Filkins, 134 La. 795, 64 So. 717 (1914), the Supreme Court of Louisiana, in reversing the judgment appealed and awarding plaintiff judgment, emphasized that:
“These witnesses do not testify positively, but circumstantially. Their testimony is corroborated in almost every particular by witnesses for the defendant, . . . .” (Emphasis supplied.)
Thus, the need for corroboration of the testimony of the detectives was pointed up.
In Bynum v. Bynum, 296 So.2d 382, 387 (La.App., 2d Cir., 1974), after referring to principles of law usually applicable to divorce cases such as that with which we are presently concerned, we concluded that:
“. . . before the wife can be stigmatized, the proof of adultery should be so clearly and conclusively shown that there is no practical theory under which she could be innocent when all the evidence is considered together. Meyer v. Hackler, 219 La. 750, 54 So.2d 7, 9 (1951).”
From our review of the record, we conclude that such a showing has been made in the instant case. The testimony of the detectives has been sufficiently corroborated.
*267 Lastly, it may be noted that plaintiff-ap-pellee, under date of October 1, 1974, filed an answer to defendant-appellant’s appeal wherein damages and attorney’s fees were sought on a basis that the appeal taken was frivolous. Under date of October 10, 1974, defendant-appellant moved in this court to strike plaintiff-appellee’s answer. The return day fixed for the appeal in this cause was June 10, 1974, and on that date the record was lodged in this court.
LSA-C.C.P. Art. 2133 provides that in cases where an appellee desires to answer an appeal such answer must be filed “not later than fifteen days after the return day or the lodging of the record, whichever is later.” The motion to strike is sustained.
Hence, for the reasons hereinabove assigned, we are constrained to conclude that plaintiff has established by a clear preponderance of evidence and to that degree of certainty required by law the basis for his demand for a divorce. Therefore, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.