McCALEB, Justice.
 

 Plaintiff is appealing from a judgment denying her demand for a divorce founded on her husband’s alleged adultery on November 29, 1957 with a Mrs. Rose Fontenot. The husband of Mrs. Fontenot filed a companion suit against his wife, naming the defendant herein as co-respondent and charging the same acts of adultery. Neither defendant appeared, though cited personally, and preliminary defaults were taken against them. Upon the trial to confirm the preliminary defaults, the judge ruled that the evidence was insufficient to establish the charges.
 

 The record exhibits that all parties live in Elton, Louisiana. The Pilgrims have been living separate and apart since September of 1956 and the Fontenots separated about a year later, Mr. Fontenot leaving the community dwelling to the sole occupancy of his wife. Soon afterwards, Rose Fontenot and Pilgrim began an open relation of friendship, the witnesses stating that they had been seen together at taverns and cafes in and about Elton for a period extending over four months. It was also shown that Pilgrim frequently visited Mrs. Fontenot at her residence, his automobile having been seen parked in her driveway and garage all night -long on numerous occasions.
 

 Two disinterested witnesses, Oday Hebert, Elton’s Chief of Police, and his assistant, Edward LeFleur, described an occurrence during the early morning hours of November 29, 1957, which gave rise to the charge herein. They state that, while parked in a police car near the Green Oak Cafe, they noticed an automobile, which they did not immediately recognize, leave the rear of the cafe. They followed this car to Mrs. Fontenot’s residence where the occupants, then recognized as Mrs. Fontenot and Pilgrim, alighted and went into the house. At that time (about 2:00 a. m.), there was only one small light burning in the residence, which was extinguished about fifteen minutes later. Waiting a while after the house was in darkness, the witnesses drove to Mrs. Fontenot’s husband’s residence to inform him of the occurrence. Fontenot then returned with the witnesses and they watched the house until 4:00 a. m., when Pilgrim came out of the rear, the house being in darkness during all of this time.
 

 On the evening of the same day, Fontenot accompanied Hebert while he was patrolling the town. They passed Mrs. Fontenot’s residence about 10:00 p. m. and Pilgrim’s car was parked at the curbing and the lights in the house were on. They drove away and returned a short while later, observing that the car was still there and all of the lights in the residence were out.
 

 
 *115
 
 It is the well-settled, jurisprudence that the unfaithfulness of a spouse may be established by indirect or circumstantial evidence forasmuch as, in the nature of things, adulterous acts can seldom be proven by direct or positive testimony. Coston v. Coston, 196 La. 1095, 200 So. 474; Guidry v. Allemand, 216 La. 288, 43 So.2d 611 and Kieffer v. Heriard, 221 La. 151, 58 So.2d 836. However, the circumstances and facts established must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. Salles v. Salles, 187 La. 914, 175 So. 618; Clark v. Clark, 207 La. 606, 21 So.2d 758; Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Savin v. Savin, 218 La. 754, 51 So.2d 41; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; Massa v. Thompson, 220 La. 278, 56 So.2d 422 and Arbour v. Murray, 222 La. 684, 63 So.2d 425. In deed, it has been properly observed that “* * * the circumstantial proof in these cases must be so convincing as to exclude any other reasonable hypothesis but that of guilt”. Hayes v. Hayes, 225 La. 374, 73 So.2d 179, 180.
 

 An analysis of the evidence in this case satisfies us that it meets the above stated test — for, coupled with the circumstance of intimate relations between the parties, who were living separate and apart from their respective spouses,- and the many •opportunities provided by them for the commission of adultery, is the fact of two nocturnal visits by Pilgrim to the house which the co-respondent occupied by herself and their remaining therein in the dark for a length of time quite ample for the performance of the sexual act. All this adds up, in our opinion, to the inescapable conclusion that adultery must have been committed.
 

 The judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Evelyn Mallet Pilgrim, as prayed for, and against defendant, Shelby Harold Pilgrim, decreeing a divorce, and for all costs.