BLANCHE, Judge.
Both parties have appealed from a judgment ordering the inventory taken by a Notary Public of the community of acquets and gains previously existing between plaintiff husband and defendant wife amended and corrected in certain respects. Plaintiff obtained a judicial separation from defendant by judgment rendered and signed on October 8, 1965, pursuant to a suit for separation filed on September 17, 1965. A suit for partition of the community of ac-quets and gains was filed on October 15, 1965, pursuant to which suit an inventory was taken on November 23, 1965. Both litigants filed objections to this inventory and another inventory was taken on December 15, 1967, and filed on November 18, 1968. The record reflects that plain *249 tiff husband was in the trucking business prior to and at the time of the separation, and the trial court concluded from the record and the evidence that both litigants realized that a forced liquidation of the community assets, consisting principally of the trucks, would result in severe financial detriment to both parties. It was agreed by and between the litigants, accordingly, that plaintiff husband would continue to use the trucks pending the suit for partition of the community.
Both litigants likewise took exception to the second inventory, and an evidentiary hearing was held to resolve the disputes. The trial judge ordered the inventory which had been filed on November 18, 1968, amended in certain respects. From this judgment, plaintiff husband has appealed, assigning various specifications of error. Defendant wife has answered the appeal, likewise alleging certain errors committed by the trial judge.
Plaintiff husband’s first specification of error concerns the trial judge’s valuing two trucks falling within the community of acquets and gains at a higher value than was obtained by plaintiff husband when these trucks were sold or traded in following a period of use in the trucking business, while at the same time making plaintiff husband account to the community for the profits derived from the use of these trucks until their disposition. We find merit in this assignment of error.
The trial judge valued a 1964 Chevrolet tandem dump truck, Motor and Serial No. 4M833P100998, at $8,961.58, when the trade-in price which plaintiff obtained for the truck in 1966 was $6,000. Defendant wife stipulated that plaintiff husband obtained the fair market value of the truck when it was traded in, in 1966. Similarly, the trial judge amended the inventory so as to recognize as the value of a 1965 Chevrolet tandem truck, Motor and Serial No. M8335P104175, the sum of $11,700, instead of the sum of $6,022.67, which was the stipulated fair market trade-in value of this truck at the time of its disposition.
At the same time the trial judge recognized as a community asset the sum of $8,-229.21, representing profit made on the operation of the trucks until sold or traded. In so ruling, the trial judge reasoned as .follows:
“The Court has taken the attitude that a partnership or joint venture was continued after separation for the purpose of liquidating the assets thereof, and that profits from the use of those assets are to be attributed to the community for the period ending on the disposal of those assets. The court rejects the contention that a partnership for all purposes and all operation was continued. Any ascription of value on a going business is rejected as not having been proved.
“The Court is somewhat in a quandary in attempting to arrive at the value of the trucks at the time of the separation since the parties did not present any evidence on that point. It has attempted to arrive at a fair figure by adding to the realized value on disposal the amounts paid on the mortgage between the date of separation and the date of disposal on the theory that the amount of payments will approximate the amount of depreciation.
“As noted, this is an inventory of the community at the time of separation except that the profit from the continued operation is included. As a result of this treatment in the final settlement, Mr. Higginbotham should be required to account for the amounts he received for the trucks, but should be given credit for the amounts he paid on the mortgages on the trucks.” (Written Reasons for Judgment, Record, pp. 193, 194.)
While we find no error committed by the trial judge in requiring plaintiff husband to account for the profit derived from the use of the community trucks pursuant to the agreement between the litigants, we do not feel that plaintiff husband *250 should likewise be required to account to the community for the value of these trucks as of the time of the termination of the community. It is obvious that the profit derived from the use of these trucks for which the plaintiff husband is being required to account was generated as a consequence of the use of these trucks during the period from the termination of the community until the disposition of the .trucks, which business use obviously resulted in a concomitant diminution in the value of these assets. Defendant wife, having agreed to permit plaintiff husband to continue to use the trucks so that she could share in the profits derived therefrom, cannot now properly expect plaintiff husband likewise to account to the community for the fair market value of the trucks used to generate this profit as of the time of the filing of the suit for separation and thus prior to the use and resulting depreciation. The judgment appealed from, accordingly, will be amended so as to value the 1965 eight-cylinder Chevrolet cab/chassis tandem, Model No M88303, Serial No. M8335P104175, at the sum of $6,022.67. The judgment amending the inventory will similarly be amended to value the 1964 eight-cylinder Chevrolet tandem, Model No. M8303, Motor No. 4M833P100998, at the sum of $6,000.
In reviewing the record, we note that the trial court inventoried a 1963 Chevrolet tandem truck as follows:
"1963 Chevrolet
Tandem truck $4,500.00
$3,364.65 $1,135.35"
At the end of the inventory, however, the trial court listed as the last item comprising community debts the following:
"Balance due on mortgages due on trucks $19,640.99"
This figure comprising the mortgage balances due on trucks represents the balance due General Motors Acceptance Corporation as of September 17, 1965, the date of filing the suit for separation, for all three of these Chevrolet tandem trucks, as follows :
(1) 1963 Chevrolet tandem truck $ 3,534.27
(2) 1964 Chevrolet tandem truck 5,906.72
(3) 1965 Chevrolet tandem truck 10,200.00
Total $19,640.99
The $4,500 figure represents the stipulated trade-in value which plaintiff husband obtained for this 1963 Chevrolet tandem truck. This value should be listed in the inventory, without deducting therefrom the figure $3,364.65, which represented the mortgage balance due General Motors Acceptance Corporation at the time that the truck was traded in by plaintiff husband. We will, accordingly, likewise amend the judgment amending the inventory to this effect.
We also note from our review of the record that the judgment of the trial court lists as an asset of the community the following :
"1964 Ford Tandem truck $714.16"
A review of the record demonstrates, however, that the figure $714.16 actually represents a net recovery by plaintiff husband when he traded in two 1964 Ford tandem trucks, to Capitol Mac, Inc., after deducting mortgage payments and repair bills incurred therefor. (Record, pp. 361, 362, 380) Accordingly, we will amend this item of the inventory to have it read as follows:
"Net value due community by LeRoy Hig-ginbotham for trade-in of two 1964 ' Ford tandem trucks— $714.16"
Plaintiff husband further complains of the trial judge’s including in the inventory of community assets the following entry:
"Due community by LeRoy Higginbotham for trade-in value of trucks $7,162.53"
Defendant wife attempts to answer this argument by making reference to a purported stipulation in the record that the community was comprised of seven trucks and one automobile. (Record, p. 241) A review of the evidence shows, however, that this contention urged by defendant wife is *251 without merit. The evidence contained in the record shows that the community properly consisted only oí the following vehicles as of September 17, 1965, the date of filing of the suit for separation which culminated in a judgment of separation: one 1949 Chevrolet flat bed truck, one 1958 Apache Chevrolet pick-up truck, one 1963 Chevrolet tandem truck, one 1964 Chevrolet tandem truck, one 1965 Chevrolet tandem truck, and two 1964 Ford tandem trucks. There is an obvious error contained in the purported stipulation made by counsel for plaintiff husband when he said, “then one 1964 Ford tandem truck and a second 1966 Ford tandem truck.” Obviously counsel meant to say “a second 1964 Ford tandem truck,” which coincides with the evidence elicited showing that plaintiff husband traded in the two 1964 Ford tandem trucks and obtained a net value of $714.16. Counsel for plaintiff husband continues by making the following statement, “ * * * plus this 1965 Chevrolet that was bought October 2, 1965, identified by Mr. Fricks in his testimony.” (Record, p. 241) This vehicle does not constitute community property, inasmuch as it was admittedly purchased by plaintiff husband on October 2, 1965, whereas the effective date of the termination of the community was September 17, 1965. The trial judge obviously recognized the inaccuracy of this statement by' counsel for plaintiff husband, inasmuch as the trial court did not enumerate this 1965 Chevrolet automobile in the inventory of community property.
We will delete from the inventory the line item showing LeRoy Higginbotham to be indebted to the community for the trade-in value of trucks in the sum of $7,-162.53, with the express understanding that plaintiff husband is instead indebted to’ the community for all sums which he received by sale or as trade-in consideration for the community vehicles. In this connection we specifically affirm and incorporate for consideration in the partition of this community on remand the following statement made by the trial judge in his Written Reasons for Judgment:
“ * * * As a result of this treatment in the final settlement, Mr. Higginbotham should be required to account for the amounts he received for the trucks, but should be given credit for the amounts he paid on the mortgages on the trucks.” (Written Reasons for Judgment, Record, p. 194)
Plaintiff husband further complains that the trial judge erred in requiring plaintiff husband to account to the community for cash in the sum of $2,667.42 in his possession on October 8, 1965, for the reason that plaintiff husband claims he used all but $103.67 of this cash to' pay community debts, as per his testimony. Our review of the record, however, fails to disclose where the trial judge committed any manifest error in rejecting this claim of plaintiff husband, especially since this claim involved an evaluation by the trial judge of the credibility of the evidence.
Plaintiff husband further complains of the trial judge’s refusal to list as a liability of the community to the separate estate of plaintiff husband the sum of $3,900, which amount plaintiff husband claims represented separate funds invested in community assets during the marriage. Our review of the record again, however, fails to disclose where the trial judge committed any manifest error in rejecting this claim, particularly in view of the fact that the funds were commingled, and further, in view of the fact that this claim likewise hinged upon a favorable determination by the trial judge of the credibility of the evidence offered in support thereof.
Plaintiff husband’s final complaint is that the trial judge failed to tax all costs of these proceedings to defendant wife. We find no abuse of the trial judge’s discretion in refusing to tax all costs of these proceedings to defendant wife.
Defendant wife’s primary complaint contained in her answer to the appeal is the alleged error by-the trial judge in failing to include as a community asset the trucking *252 business itself. We find no merit to this assignment of error and conclude that the trial judge properly disposed of this argument as follows:
“ * * * The court rejects the contention that a partnership for all purposes and all operation was continued. Any ascription of value on a going business is rejected as not having been proved.” (Written Reasons for Judgment, Record, p. 193)
Defendant wife’s other specification of error is that the trial judge allegedly erroneously included in the inventory of community assets the sum of $14,420 admittedly withdrawn by the wife, in view of her testimony that $7,000 thereof was allegedly her separate funds which she had prior to her marriage to plaintiff husband. Our review of the record fails to establish any manifest error committed by the trial judge in concluding that defendant wife had failed to carry the burden of proving the existence of such separate funds or assets so as to overcome the presumption that all acquired during the marriage constitutes community property. This claim obviously hinges on a favorable determination of the credibility of the evidence in support thereof, which determination was not made by the trial judge.
With the exception of the matters mentioned above, we are of the final opinion that the trial judge committed no manifest error in determining the composition of the inventory and the liabilities of the respective litigants. The judgment appealed from, accordingly, is amended only in the following respects: (1) by amending the value of the 1964 eight-cylinder Chevrolet tandem, Model No. M8303, Motor No. 4M833P100998, from $8,961.58 to $6,000; (2) by amending the value of the 1965 eight-cylinder Chevrolet cab/chassis tandem, Model No. M8303, Serial No. M8335P104175, from $11,700 to $6,022.67; (3) by amending the value of the 1963 Chevrolet tandem truck from $1,135.35 to $4,500; (4) by deleting the line item, “1964 Ford tandem truck — $714.16” in the inventory and substituting therefor the following entry: “Net value due community by LeRoy Higginbotham for trade-in of two 1964 Ford tandem trucks — $714.16”; and by deleting from the inventory the following entry: “Due community by LeRoy Higgin-botham for trade-in value of trucks — $7,-162.53,” with the express provision that LeRoy Higginbotham be required to account to the community for all amounts which he received as sales price or trade-in allowance on the disposition of all community vehicles, with the further provision that LeRoy Higginbotham be given credit for the amounts paid by him on mortgages on the trucks for which he has not otherwise received credit. In all other respects the judgment appealed from is affirmed, and the case is remanded to the trial court for further proceedings consistent herewith. All costs of this appeal are assessed one-half to plaintiff and one-half to defendant.
Amended and remanded.