HALL, Judge.
This is an appeal from a judgment of the district court granting a divorce on grounds of adultery in favor of plaintiff wife against defendant husband. We affirm the judgment.
On appeal defendant husband contends plaintiff wife did not meet the burden of proof required by the jurisprudence to prove adultery.
The well-established and often-quoted rule on the standard of proof required in adultery cases is that adultery may be established by indirect or circumstantial evidence because, in the nature of things, adulterous acts can seldom be proven by direct or positive testimony. However, the circumstances and facts established must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. The circumstantial proof in these cases must be so convincing as to exclude *845 any other reasonable hypothesis but that of guilt. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864 (1958).
Plaintiff’s evidence consisted of her own testimony and that of Mr. and Mrs. L. A. Sandifer, James Sandifer and three Bossier City police officers. Their cumulative testimony is summarized in the following paragraphs.
Plaintiff and defendant separated, with plaintiff moving out of their home on Northside Drive in Bossier City. Having heard reports that aroused her suspicion and after consulting with her lawyer, plaintiff and the Sandifers undertook one afternoon to watch defendant’s home for the purpose of obtaining evidence.
Mr. and Mrs. Sandifer lived across the street from defendant’s home. James San-difer lived two houses down the street. Between plaintiff and the Sandifers, they watched defendant’s home continuously from the afternoon until the next morning.
Early in the evening, defendant, a Mrs. Ruth S. Sullivent, and Mrs. Sullivent’s daughter, son-in-law and grandchild were all at the house. Defendant, who had evening employment, left and came back about 9:30 or 10 o’clock. Mrs. Sullivent’s daughter, son-in-law and grandchild left. Then defendant and Mrs. Sullivent left in his Cadillac (followed by James Sandifer), went to a lounge where they shot pool, and returned to the residence shortly before midnight. After a few minutes the lights were turned out except for a small light in the living room. No one left the house and the Cadillac remained parked in the carport until the next morning. About 6:45 o’clock in the morning defendant came out of the house and left in his auto at his usual time to go to work.
Plaintiff called the Bossier City Police and under the pretext that she wanted to go into the house to get some papers she needed, asked their assistance to prevent any trouble. Plaintiff, with the Sandifers and 3 police officers, went into the residence, where they found Mrs. Sullivent in bed in the front bedroom (the only bedroom made up for sleeping) clad in a short bed jacket or robe. A pair of men’s pajama bottoms were on the floor by the bed.
Defendant’s evidence consisted of his own testimony and that of Mrs. Sullivent and Mrs. Carter Pugh, defendant’s sister-in-law. Their cumulative testimony is summarized in the following paragraphs.
Early in the evening, defendant, Mrs. Sullivent and her relatives had supper together at defendant’s home. He left for his evening job and returned about 10 o’clock. Mrs. Sullivent’s relatives went home. Defendant and Mrs. Sullivent went to the lounge, shot pool and returned to the house shortly before midnight. Having decided to go to Texarkana to see defendant’s brother, they went inside the house to get a beer and some papers defendant needed to take to Texarkana, staying only a few minutes. They left in his Cadillac and drove to Texarkana, visited with defendant’s brother and sister-in-law, and then drove back to Bossier City, arriving at defendant’s home about 4:30 or 5:00 o’clock in the morning. At defendant’s suggestion, Mrs. Sullivent went to sleep in the front bedroom and defendant slept a while on the sofa in the living room. He got up and went to work at about 7 o’clock without disturbing Mrs. Sullivent. Both denied that defendant ever went into the bedroom or that they committed adultery.
The testimony of defendant and Mrs. Sullivent themselves reveals that she was a frequent visitor to his home, that she often cooked breakfast and supper for him and ate with him, and stayed with him on occasion at night when he was ill. She had a key to the home.
The trial judge resolved the direct conflicts in the evidence in favor of plaintiff. The trial judge’s findings of *846 fact, depending in this case largely on his evaluation of the credibility and reliability of the several witnesses, is entitled to substantial weight. We find no manifest error and from our review of the evidence conclude that plaintiff’s evidence meets the standard of proof required by the jurisprudence.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.