SAMUEL, Judge.
Plaintiff filed this suit against Larry Kerner and his alleged insurer, Louisiana Farm Bureau Mutual Insurance Company, for personal injuries and property damages sustained by her in a collision with a vehicle owned and operated by Kerner. Louisiana Farm answered, denying it carried any insurance on Kerner or his vehicle and, prior to trial, the suit against it was dismissed on plaintiff’s motion. Kerner answered, denying any negligence on his part and alternatively, pleading contributory negligence on the part of plaintiff. He also filed a reconventional demand for property damages sustained by him in the collision.
After a trial on the merits, there was judgment dismissing both plaintiff’s suit and defendant’s reconventional demand. Plaintiff has appealed. Kerner has neither appealed nor answered the appeal taken by plaintiff.
The collision occurred in the intersection of the West Bank Expressway and Derbig-ny Street in Gretna. The expressway is a heavily traveled major thoroughfare consisting of two roadways each of which contains two traffic lanes. The roadways are separated by a neutral ground; one carries eastbound traffic, while the other carries westbound traffic. Derbigny is a two-way street which crosses the expressway at right angles and accommodates north- and southbound traffic.
The intersection is controlled by electric traffic semaphores with the usual red, amber and green lights, together with left-turn indicators, in the form of lighted green arrows, controlling vehicles turning fiom the expressway into Derbigny. Approximately one-fourth block before the intersection on each side of the expressway there are turn lanes cut into the neutral ground and constituting a third traffic lane to collect traffic making the turns into Derbigny.
The collision occurred at approximately 9 p. m. The plaintiff car was traveling in the inside or neutral ground traffic lane of the eastbound expressway roadway. The defendant automobile had been traveling on the opposite side of the expressway, i. e., the westbound roadway, and had entered the turn lane for the purpose of making a left turn into Derbigny and proceeding south. The impact occurred in the eastbound roadway where the front of the defendant automobile and the left rear side of the plaintiff vehicle came into contact.
Plaintiff, who had learned to drive just several months prior to the accident, testified: She was alone in her car and traveling at a speed of 25 or 30 miles per hour. As she approached the intersection she glanced at the traffic control semaphore, which was green in her favor at all times. At a point approximately 4 or 5 car lengths from the intersection she noticed the defendant vehicle entering the left turn lane on the opposite or westbound roadway of the expressway. The defendant slowed his vehicle and, without stopping, turned left into her path of travel. She swerved her vehicle to the right but could not avoid the collision.
*206 The defendant testified: The only other occupant of his car was his 4 year old son. He had driven in a westerly direction on the expressway for some distance and had turned into the left turn lane in anticipation of executing a left turn to cross the eastbound roadway of the expressway and proceed on Derbigny. He slowed down to about 10 miles per hour as he entered the left turn lane. As the green arrow appeared in his favor while he was still in the turn lane before reaching the intersection, allowing him to complete his turn maneuver, he accelerated his speed and proceeded to turn and cross. He did not observe the approaching plaintiff vehicle until just before the collision occurred.
Testimony in the record shows that if the semaphores controlling the West Bank Expressway-Derbigny Street intersection are functioning properly, through traffic in the eastbound roadway of the expressway is faced with a red light when the left turn lane on the opposite roadway has a green arrow. Thus, westbound vehicles acting in accordance with a green arrow can turn safely south into Derbigny and cross the eastbound roadway of the expressway.
In the instant case, that part of the trial court judgment which dismissed the reconventional demand has become final and is not before us. The basic issue presented by plaintiff’s appeal is her right to recover damages and this right, in turn, is dependent upon a question of fact, whether she attempted to cross the intersection on a green light or ran a red light in that attempt. If the former, she is entitled to recover; if the latter, she cannot recover because she was guilty either of negligence which solely caused the accident or of contributory negligence sufficient to prevent a recovery.
There is no evidence in the record suggesting that the semaphores at the intersection malfunctioned in any manner. Nor is there any evidence, other than the testimony given by the two litigants and above set forth, which throws any light on the question of which driver had the favorable green signal.
Under these circumstances, we cannot disturb the finding of the trial judge who accepted the testimony given by the defendant and rejected the testimony given by the plaintiff. Our settled jurisprudence is that on questions of fact involving only the credibility of witnesses the trial judge will be reversed only for manifest error.[1] Here, we can find no error at all.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. See, for example, Clark v. Central Louisiana Electric Co., Inc., La.App., 284 So.2d 621; Pugh v. Pugh, La.App., 283 So.2d 844; Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80.