320 So.2d 236 (1975)
Darlene BROUSSARD, Plaintiff-Appellee,
v.
Dennis R. BROUSSARD, Defendant-Appellant.
No. 5032.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1975.
*237 McLeod & Dow by William L. McLeod, Jr., Lake Charles, for defendant-appellant.
Raleigh Newman, Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and MORRIS, JJ.
WATSON, Judge.
Plaintiff, Darlene Smith Broussard, filed this suit to obtain a legal separation from defendant, Dennis R. Broussard, on the ground of cruel treatment. She also sought custody of the two minor children born of the marriage, Debra Lynn Broussard, age 12, and Stacy Dawn Broussard, age 10. Defendant reconvened for divorce on the ground of adultery, and, in the alternative, *238 for a legal separation on the ground of abandonment.
The trial court granted plaintiff a legal separation; awarded her the custody of the two minor children; fixed alimony at $125 per month and child support at $100 per month per child. The reconventional demand of defendant was dismissed.
Defendant, Dennis R. Broussard, has appealed from the adverse judgment of the trial court, contending that:
(1) the trial court violated the provisions of the 1974 Louisiana Constitution which prohibits discrimination because of sex by granting a preference to the mother in awarding custody of the minor children; and
(2) the trial court erred in the above dispositions.
The issues presented are:
(1) whether the trial court discriminated against Mr. Broussard in a constitutionally prohibited manner; and
(2) whether the trial court erred in awarding a separation, alimony, child support and custody to Mrs. Broussard.
The 1974 Louisiana Constitution provides in Article 1, Section 3, that:
"No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations."
The trial court stated in oral reasons for judgment that:
"The Court favors the awarding of the children to the mother if she is morally fit." (TR. 390)
The preference expressed by the trial court in favor of a mother's custody of minor children is not unreasonable, capricious or arbitrary. The preference is based on the simple fact that the day-to-day care of minor children has traditionally, in our society, been in the hands of the mother rather than the father. In addition, there is an obvious biological connexity between mother and child in that the mother carries the child during gestation, gives birth to it, and suckles it (in some cases) during infancy. A relationship is created which gives, in our opinion, a biological basis for the historic legal preference given the mother in questions of custody.
Moreover, the award of custody here follows the rule established by Article 157 of the Louisiana Civil Code, in pertinent part as follows:
"Art. 157.A. In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party."
The other issues raised by appellant are all factual and present the question of manifest error in the trial court's conclusions. It is axiomatic that the trial court has great discretion in awarding custody and fixing alimony and child support. A judgment of separation or divorce should be affirmed if there is evidence in the record to support it and no clear abuse of discretion. McVay v. McVay, 276 So. 2d 926 (La.App. 3 Cir. 1973); La Tour v. Fuselier, 228 So.2d 336 (La.App. 3 Cir. 1969).
The appellant's most vigorous argument is that adultery by Darlene was proved, contrary to the trial court's conclusion.
The familiar rule of law is that, while circumstantial evidence may be used to prove adultery, direct evidence rarely being available, it must be so convincing as to exclude any other reasonable hpothesis. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864 (1958).
*239 Without detailing the testimony of each witness, we will note that the appellant relies principally on circumstantial evidence to attempt to show that his wife was alone with one Waltrip at various times and places. Appellant relied chiefly on his own testimony, that of his brother-in-law, and that of private investigators. Also emphasized by appellant is the testimony of the 10-year-old daughter, Stacy. The trial court saw and heard this child, as well as the other witnesses; great weight must be accorded factual conclusions drawn by the trial court. The trial court was not convinced that adultery was proved, and, after reviewing the record, we agree. We find no manifest error in the rejection of appellant's claim of adultery.
On the other hand, there is ample evidence on which the trial court granted a separation to appellee on the basis of cruel treatment.
The award of alimony and child support, totaling $325 per month, is not excessive in our view for a man whose gross income in 1974 was $15,292.69, as reflected by the record. There was no abuse of discretion by the trial court in making these allowances.
On the issue of custody, appellant submitted the testimony of Dr. G. R. Morin, a Lake Charles psychiatrist, who indicated that he would recommend placing Debbie, the 12-year-old, with her father. While the opinion of a reputable psychiatrist, such as Dr. Morin, is very persuasive, courts cannot abdicate their decision-making responsibilities in favor of the medical profession but must consider all factors present in the case. Here, the trial court apparently balanced the psychiatrist's opinion against the age and sex of the child (a 12-year-old girl entering adolescence), the law's reluctance to split siblings, the impression created in court by the contending parties and all the other factors which enter into a custody decision. The trial court then concluded that it was in the best interest of the child to place her with the mother. Wood v. Beard, 290 So.2d 675 (La.1974); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). We cannot say there was error.
Therefore, we affirm the judgment of the trial court, appellant to pay all costs.
Affirmed.