323 So.2d 486 (1975)
Alvin Joseph BREAUX
v.
Lottie Porche BREAUX.
No. 10506.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
*487 H. Minor Pipes, Houma, for appellant.
Van Ellender, Houma, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
LANDRY, Judge.
Lottie Porche Breaux, defendant-wife (Appellant), appeals from judgment granting her former husband, Alvin Joseph Breaux, plaintiff (Appellee), a final judgment of divorce on grounds of adultery. We affirm.
The sole issue presented is whether the trial court applied the proper standard of proof of adultery and whether plaintiff-appellee discharged the burden of proof incumbent upon him.
Appellant obtained a judgment of separation from Appellee on September 10, 1974. For a short period following the separation decree, Appellant resided with her daughter-in-law. Due to alleged harrassment by Appellee, which reputedly interrupted the daughter-in-law's household, Appellant obtained new lodgings on November 1, 1974. On this latter date, Appellant commenced renting one bedroom of a two bedroom trailer owned by Walton Ledet, a former brother-in-law of Appellant, the correspondent in this divorce action. In addition to the bedroom, Appellant rented, for the sum of $75.00 monthly, half of a garage situated on Ledet's premises. The record discloses that Appellant partially supported herself by selling vegetables in which enterprise she utilized a pickup truck.
The Ledet trailer consisted of two bedrooms, a single bath and a kitchen and combination dining and living room area. The record discloses that Ledet had formerly rented one bedroom to other persons on several occasions, including single men and married couples but never before to a single woman. It is readily conceded by all concerned that Appellant lived in the trailer for two and one-half months, until January 15, 1975, when Ledet requested that Appellant move to make the room available to Ledet's son and daughter-inlaw who were moving in from another state. Appellant then moved to the home of her sister, in which accommodation was not previously possible because the sister's son was then living there.
The record is barren of direct evidence of adultery in this instance. Plaintiff-Appellee relies solely upon circumstantial evidence to establish the alleged adultery. Consequently, the precise issue is whether Appellee has met the burden of proving adultery by circumstantial evidence as required by the jurisprudence of this state. We find that plaintiff has met this burden.
Conflict exists between the testimony of Appellant and Appellee regarding Appellant's relationship with Ledet. Appellee testified that before the separation, Appellant advised him that Appellant loved Ledet and that Appellant planned to leave Appellee very shortly. Appellant denied *488 being in love with Ledet, and also denied telling Appellant that she was in love with Ledet and planned to leave.
Appellant concedes that she did go out socially with Ledet on a few occasions during the period of Appellant's residence in Ledet's trailer home. A fair summation of the testimony on this point is that Appellant frequently went out in her own truck to places where Ledet was also present, and that infrequently Appellant and Ledet went out together in a truck which Ledet owned.
Appellant produced several witnesses (mostly family and close friends) who visited Appellant often while Appellant lived in the trailer. In effect these witnesses testified that they called at all times of the day, and none ever observed any evidence of an amorous relationship between Appellant and Ledet. Both Appellant and Ledet denied having ever engaged in any intimacy with each other.
It is settled jurisprudence that adultery may be established by circumstantial evidence inasmuch as the very nature of the act makes direct evidence thereof most difficult. Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Coston v. Coston, 196 La. 1095, 200 So. 474; Robicheaux v. Robicheaux, La.App., 165 So.2d 550.
Circumstantial proof of adultery requires production of indirect or circumstantial evidence which fairly and necessarily justifies and supports the conclusion that adultery was committed. The degree of proof of adultery by circumstantial evidence is similar to proof of guilt in a criminal proceeding in that the evidence must establish guilt of the party accused to the exclusion of any other reasonable hypothesis. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864; Hayes v. Hayes, 225 La. 374, 73 So.2d 179; Withers v. Withers, La.App., 296 So.2d 466; Daigle v. Daigle, La.App., 222 So.2d 318; Morris v. Morris, La.App., 152 So.2d 291.
In this instance, the trial court, which saw and heard the witnesses testify, and which is in the best position to determine their credibility, concluded that adultery had been established by a preponderance of evidence. The trial court also found that in view of the evidence, it was inconceivable in the court's mind that adultery had not been committed.
Conclusions of fact by a trial court are entitled to great weight and are not to be disturbed on appeal except on a showing of manifest error, especially when predicated upon an evaluation of the testimony of conflicting witnesses. Rayner v. Rayner, 216 La. 1099, 45 So.2d 637; Withers v. Withers, above; Veazey v. Nassar, La. App., 285 So.2d 263; Dubois v. Falgout, La.App., 268 So.2d 70; Daigle v. Daigle, above.
We find that the record supports the conclusions reached by the trial court.
The judgment of the trial court is affirmed; Appellant to pay all costs of these proceedings.
Affirmed.