COVINGTON, Judge.
This is an appeal by Lawrence Bonvillain from a judgment of the district court granting his wife, Arlene Usie, a final judgment of divorce on grounds of adultery. The judgment also granted her custody of the two teenage minor children, alimony and child support, dismissed the husband’s reconventional demand for a judicial separation, and cast the community for attorney’s fees for the wife’s attorney. The plaintiff-appellee answered the appeal, asking that we increase the award for attorney’s fees from $1,500.00 to $3,500.00, that the appellant be condemned to pay all medical and dental bills of the children, and for damages for the alleged frivolous appeal. We affirm in part, reverse in part, and remand.
The primary issue presented is whether the district court applied the proper standard of proof of adultery and whether the plaintiff-wife discharged the burden of proof required by the jurisprudence to prove adultery.
That standard of proof has been set out in Pugh v. Pugh, 283 So.2d 844 (La.App. 2 Cir. 1973), as follows:
“The well-established and often-quoted rule on the standard of proof required in adultery cases is that adultery may be established by indirect or circumstantial evidence because, in the nature of things, adulterous acts can seldom be proven by direct or positive testimony. However, the circumstances and facts established must be such as to lead fairly and necessarily to the conclusion that adultery has been committed as alleged in the petition. The circumstantial proof in these cases must be so convincing as to exclude any other reasonable hypothesis but that of guilt. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864 (1958).”
Plaintiff’s evidence consisted of her own testimony and that of her sister, Clara Bell Dufrene, and a friend, Rose Verdin. They testified in substance that on the night of June 5, 1976, they followed the defendant-husband to a motel room which he entered accompanied by the co-respondent; that after a short period of time the lights in the room were turned out; that they waited for about 20 minutes before seeking entry in the room; that the wife identified herself, but they got no response until the wife’s sister broke the window in the room; that when they entered the room the co-respondent was in the bathroom adjusting her clothing. Defendant’s evidence was his own testimony and that of the co-respondent. Both denied that they committed adultery. They had gone to the motel room to talk over her problems because she was in a crying mood, according to their testimony.
The district court resolved the direct conflicts in the evidence in favor of the plaintiff. In this instance, the trial judge who saw and heard the witnesses directly is in the best position to determine their credibility and he concluded that adultery had been established. The trier of fact in matters of domestic relations is vested with *730 much discretion. Lapeyrouse v. Lapeyrouse, 331 So.2d 69 (La.App. 1 Cir. 1976).
Conclusions of fact by a trial judge are entitled to great weight; they are not to be disturbed on appeal in the absence of manifest error, especially when predicated on evaluation of the testimony of conflicting witnesses. Breaux v. Breaux, 323 So.2d 486 (La.App. 1 Cir. 1975).
We find no manifest error, and from our review of the evidence we conclude that the plaintiffs evidence meets the jurisprudential standard of proof.
The appellant next contends that the district court erred in awarding his former wife alimony and child support in the same amount that had been previously agreed upon by the parties for pendente lite purposes.
The question of the wife’s fault was raised by the husband in his reconventional demand. Our review of the evidence discloses no manifest error on the part of the district court in finding the wife was not at fault and in dismissing that demand.
The trial judge, in a consent judgment reflected in the minutes of July 23, 1976, later reduced to writing and signed, awarded “alimony and child support”, pen-dente lite, in the amount of $350.00 every two weeks, and this sum was also decreed to be paid in the divorce judgment dated October 28, 1976. However, the record before us reflects that the wife’s needs and the means of the husband to pay alimony were not dealt with in sufficient depth by the district court.[1] We, therefore, have nothing before us upon which we can determine those issues. The case will be remanded for further trial to determine those specific issues with regard to alimony and for such judgment as will be appropriate in the factual situation then determined.
The issue of fault is not to be relitigated on remand. Rather, the wife’s financial needs and the ability of the husband to pay alimony are the sole issues to be determined in order to enable the district court to properly fix the amount thereof.
The judgment of the district court is affirmed in all other respects, including the district court’s fixing of attorney’s fees of plaintiff’s attorney at $1,500.00. There was no abuse of discretion.
Obviously, we do not find the appeal by the defendant to be frivolous.
Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and the case remanded for further proceedings in accordance with this opinion. The costs of this appeal are to be borne by the appellant.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

. Alimony pendente lite is covered by C.C. art. 148, while article 160 governs permanent alimony; their purposes, and the standards used in determining them, differ. See Wood v. Wood, 289 So.2d 211 (La.App. 1 Cir. 1973). This record does contain general statements by the wife to the effect that her financial circumstances were not as good on the date of the divorce trial, October 27, 1976, as they were when the consent award was made on July 23. However, there is no allocation made between alimony and child support; neither is there any evidence whatsoever in the record as to the cost of food, clothing, shelter and other items envisioned by Civil Code article 160.