CHEHARDY, Judge.
Mrs. Eva Billiot Rivere sued for a separation from bed and board from her husband, Harry Joseph Rivere, on the ground of cruel treatment.
The defendant answered and reconvened as a plaintiff alleging that Mrs. Rivere abandoned him without cause and subsequently committed adultery, giving him the right to an immediate divorce.
In a separate action Eva Rivere had previously sued Harry Rivere for alimony penT dente lite. The suits were consolidated.
The trial court awarded alimony penden-te lite of $750 per month. In the trial on the merits, the court granted plaintiff a judgment of separation from bed and board, holding that she had left her home with just provocation of physical and mental cruelties on the part of her husband. The court further dismissed the defendant’s reconventional demand for an immediate divorce on the ground of adultery.
The defendant has appealed to this court the judgment for alimony pendente lite, alleging that the trial court abused its discretion in setting the amount. He also appeals the court’s dismissal of his recon-ventional demand, arguing that the judgment was contrary to law and fact.
Defendant argues that Article 148 of the Civil Code governs alimony pendente lite and that if the wife does not have sufficient income for her maintenance pending a suit for separation or divorce, the judge shall allow her a sum for her support “proportioned to her needs and to the means of her husband.”
Mrs. Rivere alleged that her monthly expenses are $831 per month. Defendant contends an alimony award of $750 per month based on his $1,950 claimed monthly income was excessive and an abuse of the trial court’s discretion.
Defendant argues that the award exceeds by $100 a month the highest allowable grant for permanent alimony under L.C.C. art. 160, which limits an award to not more than one-third of the husband’s total income. The defendant also cites his poor health as possibly limiting his ability to effectively continue his business in the future.
In regard to the dismissal of defendant’s reconventional demand for an immediate divorce based on adultery, the defendant cites the case of Breaux v. Breaux, 323 *514 So.2d 486 (La.App. 1st Cir. 1975), arguing that jurisprudence allows adultery to be proven by circumstantial evidence if the evidence establishes the guilt of the party accused to the exclusion of any other reasonable hypothesis. The defendant feels that the trial court erred in holding that he did not support this burden.
The defendant also cites the case of Hermes v. Hermes, 287 So.2d 789 (La.1973), which held that the testimony of detectives as to specific actions on dates in question, coupled with supporting circumstances, as sufficient to exclude any reasonable hypothesis but that adultery was committed. He further argues that the testimony of the detectives used as witnesses in the present case was not successfully discredited to the extent that it should be disregarded.
The issues to be decided are whether or not the trial court abused its discretion in awarding alimony pendente lite of $750 per month and in dismissing defendant’s recon-ventional demand for a divorce on the ground of adultery.
The courts have long reaffirmed the distinction between Article 148 of the Louisiana Civil Code, which governs alimony to the wife pending a judgment of separation from bed and board or a judgment of divorce, and Article 160 of the Louisiana Civil Code, which governs awards of permanent alimony after a final divorce judgment.
The jurisprudence awards the wife alimony following separation whether she was at fault or not, and looks to her income and ignores her capital except in terms of income potential, and does not limit the amount she may claim to one-third of her husband’s income. In reference to these two articles of the Civil Code, our Supreme Court said in Smith v. Smith, 217 La. 646, 47 So.2d 32, 34 (1950):
“Article 148 has for its purpose the enforcement of the husband’s obligation of support of his wife as it exists under Article 120 of the Civil Code, which continues during the pendency of a suit for separation from bed and board or for divorce and does not terminate until the marriage is dissolved either by death or by divorce. * * * ”
The Court further stated in Smith that the issues of whether she is entitled to such an allowance, and, if so, the amount which a husband is required to pay to the wife for her support and maintenance, is one which must be determined by the facts and circumstances of each particular case.
The fixing of the amount to be paid for such support and maintenance is largely within the discretion of the trial court, and his conclusions ordinarily will not be interfered with on appeal unless there has been a clear abuse of discretion. Brown v. Harris, 225 La. 320, 72 So.2d 746 (1954); Viser v. Viser, 179 So.2d 673 (La.App. 2d Cir. 1965); Gutierrez v. Gutierrez, 172. So.2d 753 (La.App. 4th Cir. 1965).
The court does not find such a “clear abuse of discretion” by the trial court in its award of $750 per month alimony pendente lite.
Regarding defendant’s fear for his health, the Supreme Court said in Grimes v. Posecai, 175 La. 1, 142 So. 703 (1932), that an award of alimony during the pendency of a divorce suit “is not a final judgment, but one which, at any time, is open to re-examination and change by the trial judge as changed conditions and circumstances may warrant.”
The trial court did not abuse its discretion in dismissing defendant’s reconven-tional demand for a divorce on the ground of adultery.
The court said in Breaux v. Breaux, supra:
“Circumstantial proof of adultery requires production of indirect or circumstantial evidence which fairly and necessarily justifies and supports the conclusion that adultery was committed. The degree of proof of adultery by circumstantial evidence is similar to proof of guilt in a criminal proceeding in that the evidence must establish guilt of the party accused to the exclusion of any other reasonable hypothesis. Pilgrim v. Pilgrim, 235 La. 112, 102 So.2d 864; Hayes *515 v. Hayes, 225 La. 374, 73 So.2d 179; Withers v. Withers, La.App., 296 So.2d 466; Daigle v. Daigle, La.App., 222 So.2d 318; Morris v. Morris, La.App., 152 So.2d 291.” 323 So.2d at 488.
Moreover, in regard to the testimony of private detectives, the Supreme Court of Louisiana said in McCartan v. Filkins, 134 La. 795, 64 So. 717 (1914), as quoted in Bynum v. Bynum, 296 So.2d 382, 386 (La.App. 2d Cir. 1974):
“ ‘ “Although the testimony of a person employed to watch and detect the husband or wife suspected of adultery is competent and ought not to be absolutely rejected, it should be received with great caution, and scrupulously and minutely scrutinized, and ordinarily it should be corroborated either by the facts and circumstances in evidence, or by the direct testimony of other witnesses, or by both.” ’ ”
In the present case there was no corroboration of the testimony of the two detectives hired by Mr. Rivere which concerned the events of only one evening; indeed, the testimony of Mr. Rivere, her aunt and a third disinterested witness placed Mrs. Riv-ere elsewhere on the evening in question. Moreover, there were many discrepancies in the testimony of the two detectives.
In Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973), as quoted in Dyson v. Gulf Modular Corp., 338 So.2d 1385, 1390 (La.1976), our Supreme Court said:
“ <* * * gtated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review * * *
For the reasons above a more extensive review of the facts of the present case is unnecessary, and for the reasons assigned the judgment of the trial court is affirmed.

AFFIRMED.