LEAR, Judge.
Plaintiff-appellant is appealing the ruling of the lower court dismissing his suit in tort.
Succinctly, the facts are that plaintiff was driving his 1968 Chrysler automobile northbound along a section of U.S. 51 in Tangipahoa Parish. The time was approximately 11:00 p. m. At the same time defendants, Elias Sandel and Jimmy Hammer, who were operating a 1972 Ford automobile and a 1968 Chevrolet automobile, respectively, were involved in an accident which caused an obstruction of the northbound lane of U.S. 51. In addition to these circumstances, there was testimony of some slight precipitation.
Two totally conflicting versions were given of the events which followed and which form the basis of this lawsuit. Appellant contends that as he approached that section of the highway where defendants’ vehicles were stopped across the highway, he was unable to discern the presence of vehicles because there were no warnings whatsoever; that it was under these circumstances that his vehicle collided with a vehicle which was blocking the northbound lane. He testified that he was knocked out momentarily, but after regaining consciousness he got out of his car and walked around the scene; that he was unable to ascertain the presence of anyone at the scene; and that he returned to his car and departed.
Defendants-appellees on the other hand testified that after the collision involving their two cars they took precautions to warn other motorists. This included turning their emergency flashers on and open *122 ing a car door so that the car’s interior would be lighted. Defendant, Troy Sandel, further testified that his sister remained in the car at all times to assure that the flashers were operating and that he positioned himself between the stalled car and the northbound traffic to give additional warning by waving to oncoming traffic. His testimony was corroborated by that of his sister, Cynthia Sandel.
Appellant instituted this action against the named defendant, Elias Sandel, who was the owner of the Chevrolet vehicle, and against his uninsured motorist insurer, Toledo National Insurance Company.
The only issue presented by this case, based upon the conflicting testimony, is whether the trial court committed manifest error.
Our reading of the record reveals only the sometimes difficult but always necessary duty that the trial court must discharge in weighing the evidence and pronouncing judgment. We are not to question the wisdom of the trial judge, but rather, it is our duty to adhere to and apply the rule of law enunciated by Justice Tate in Carter v. Koehring Company, 283 So.2d 716, 724 (La. 1973):
“[8,9] When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
Therefore, our duty discharged, we are unable to say the trial court erred in dismissing plaintiff’s suit, for as we recently said in Usie v. Bonvillian, 348 So.2d 728, 730 (La.App. 1st Cir. 1977):
“[2] Conclusions of fact by a trial judge are entitled to great weight; they are not to be disturbed on appeal in the absence of manifest error, especially when predicated on evaluation of the testimony of conflicting witnesses.”
Accordingly, the judgment of the trial court is affirmed. The costs of this appeal are to be paid by the appellant.
AFFIRMED.