TORBERT, Chief Justice
(concurring specially).
I concur that the decision of the trial court should be affirmed on the authority of B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala.1979). Yet I also believe that some mention needs to be made of appellant’s argument that the trial court erred in not granting his motion for a directed verdict.
Appellant points to the fact that the defendant’s counterclaims stated a claim for both breach of contract and fraud. Appellant alleges that the fraud count was incorrectly submitted to the jury, resulting in a general verdict for the defendant based on both counts set out by the counterclaim. Appellant also contends that because of the divergency of the two counts, the aggravated nature of the claim, and the defendant’s failure to set out the facts constituting the fraud with particularity as required by ARCP 9(b), the judgment for the defendant was manifestly unjust to the appellant.
These contentions, however, are without merit. While it is true that the defendant’s counterclaim set out one count in fraud, this claim was neither tried before nor submitted to the jury. The pre-trial order made no mention of any claim based upon fraud or deceit and at no time during the trial did either party mention such a claim. It is the law in Alabama that regardless of the composition of the written pleadings, the parties, by agreement or without objection, may try a case on any theory they choose. These agreements will be binding and an appellate court will consider the case only upon the theory so presented to the trial court. Reese Funeral Home v. Kennedy Electric Co., 370 So.2d 1030 (Ala.Civ.App.1979); Hilfer v. Hilfer, 53 Ala.App. 549, 320 So.2d 237 (1974). At the conclusion of the trial, the trial court, in its charge to the jury, as it relates to the defendant’s counterclaim, stated:
The Defendant answered in the Complaint that he admits there was a contract, says yes there was a contract, and while some of the work performed was not performed in a workmanlike manner as promised under the contract and he further says that he had made part of the payments and claims breach of the contract by not doing the work properly and, therefore, since the work was not done properly he says he is not liable to the Plaintiff to pay any further sums under the contract. Now, the Defendant further files a counter-claim that is to say he files a claim of his own. You can refer or think of it as a counter suit, we would refer in legal terminology as a counterclaim and in his counter-claim he says there was a contract alleging it was breached by the Plaintiff and failure to do the work in a workmanlike manner has caused him damage, financial damage in that it has made it necessary for him to spend sums of money to correct the defects that had been incurred during the time of the work and further says that because this was to be done on his house and the contract, or knew it was to be done on his house and it involved the place he lived in that he is entitled to recover for mental anguish he has suf *773 fered and that he is entitled to collect for the annoyance and inconvenience he has received. The Plaintiff, in answer to the counter-claim, denies he has breached the contract, denies it has been necessary for the Defendant to expend any sums on behalf of repair to the house, denies he is entitled to make any recovery for mental anguish or annoyance suffered. Now, those are the issues presented for your consideration in this case.
At the conclusion of this charge, no objections were made and neither party requested any additional instructions.
There is no final formula for jury instructions other than that they should state the law as applied to the evidence of the case. Lloyd Noland Foundation, Inc. v. Harris, 295 Ala. 63, 322 So.2d 709 (1975). Where an improper count is never submitted to the jury and, as here, a proper jury instruction is given, then the refusal to direct a verdict because of that improper count can not constitute error.
Since it is clear that only the breach of contract count was submitted to the jury, I agree that the trial court is due to be affirmed.